IN RE ESTATE OF JOHN KELSO, MARIETTE PACKARD AND FRED PACKARD, apts.

October Term, 1896.

Present: ROSS, C. J., TAFT, ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Estate Tail—V. S. 2201.*

A devise of the use of land to A for life, then the land itself to B and the heirs of B's body forever, creates a life estate in A and, by virtue of V. S.

2201, a life estate in B upon the death of A, with the remainder in fee simple to the heirs of B's body.

A decree made during B's life should run in favor, not of the now living children of B, by name, but of the heirs of B's body.

APPEAL FROM PROBATE. Heard at the June Term, 1896, Bennington County, *Start*, J., presiding. The decree of the probate court was affirmed *pro forma*. The appellants excepted.

The will and decree, so far as material, are stated in the opinion.

*Barber & Darling* for the appellants.

*Batchelder & Bates* for the estate.

START, J. John Kelso, by his last will, gave his wife, Susan E. Kelso, the use of his real estate during her natural life, and devised one-half of what should remain of his real estate at the decease of his wife to his daughter, Mariette Packard, to be held by her in her own right, and the heirs of her body forever.

After the decease of Mrs. Kelso, the probate court, and the county court on appeal, decreed distribution of the estate of John Kelso under his will, and thereby decreed to Mariette Packard the use of one-half of the real estate during her natural life, and the remainder to Fred Packard, Carrie Packard and Lizzie Packard, and their respective heirs and assigns forever.

Mariette Packard insists, that, on the decease of her mother, Mrs. Kelso, one-half of the real estate passed to her in fee simple, under V. S. 2201, and that the same should have been so decreed to her. This statute provides, that, where, by the common law, a person might become seized in fee tail of lands, by virtue of a devise, gift, grant, or other conveyance, or by other means, such person, instead of being seized thereof in fee tail, shall be seized thereof for his natural life only, and the remainder shall pass in fee simple absolute to the person to whom the estate tail

would, on the death of the first grantee, devisee, or donee in tail, first pass, according to the course of the common law, by virtue of such devise, gift, grant, or conveyance.

Under this statute, Mariette Packard took, by the will of her father, an estate for her life, and, by virtue of the devise, the remainder passed in fee simple to the heirs of her body. Mrs. Kelso was not seized of the estate in fee tail. By the express terms of the will, she took only the use of the estate during her natural life. This created a life estate only and not an estate in fee tail. *Blake and Wife* v. *Stone*, 27 Vt. 475; *Ford* v. *Flint*, 40 Vt. 382. The first estate devised in fee tail was to Mariette Packard; and, by force of the statute, she became seized of the estate for life only; and the remainder passed in fee simple absolute to the heirs of her body forever. *Giddings* v. *Smith*, 15 Vt. 344; *Thompson* v. *Carl*, 51 Vt. 408. The remainder of the one-half of the real estate decreed to Mrs. Packard during her life, should have been decreed to the heirs of her body, instead of the children named in the decree. In other respects, the decree is correct.

> *The pro forma decree of the court below is reversed; and the remainder of the one-half of the real estate decreed to Mariette Packard during her life, is decreed to the heirs of Mariette Packard's body, and their heirs and assigns forever. In other respects the decree is affirmed, without costs.*