THE ÆTNA LIFE INSURANCE COMPANY et al. Appellees,
vs. FRANKLIN M. HOPPIN et al. Appellants.

*Opinion filed February 25, 1911—Rehearing denied April 6, 1911.*

1. JUDICIAL SALES—*vested remainder is subject to sale but contingent remainder is not.* A vested remainder is subject to sale on execution issued on a judgment against the remainder-men, but a contingent remainder is not subject to such sale and a purchaser thereof acquires no title.

2. DEEDS—*rule in Shelly's case applies in Illinois only to fees simple.* The rule in *Shelly's case* applies, in Illinois, only to estates in fee simple and not to estates tail, and hence in Illinois a conveyance to one for life with remainder to the heirs of his body operates according to its terms, and the first taker has a life estate, only.

3. SAME—*section 6 of Conveyance act does not apply where first taker has a life estate, only.* Section 6 of the Conveyance act abolishes estates tail and with them the rule in *Shelly's case* as applied to such estates; but said section has no application where there is a grant of a life estate and the remainder is not granted to the heirs of the life tenant in fee tail.

4. SAME—*technical words are presumed to be used technically.* Technical words are presumed to be used technically and words of definite legal signification are to be understood as used in their definite legal sense, unless the contrary appears upon the face of the instrument.

5. SAME—*when words "heirs of the body" are words of purchase.* The words "heirs of the body" are words of purchase where they are limited by the words "their heirs and assigns," and as so limited they do not indicate descendants of the life tenant who are to take in succession, from generation to generation, but only the individuals who may be her heirs at her decease, and who themselves become ancestors from whom the succession is to be derived and from whom an estate in fee simple will descend.

6. SAME—*the word "heirs" is a technical word of definite legal significance.* The word "heirs" is a technical word having definite legal significance, and, when uncontrolled and unexplained by the context, must be interpreted according to its technical import, as denoting the persons appointed by law to succeed to real estate in case of intestacy.

7. SAME—*when the words "heirs of the body" denote lineal descendants.* The words "heirs of the body" denote a limited class of heirs restricted to lineal descendants, and must be given their definite legal meaning where there are no words in the instrument which in any way limit or qualify them.

8. SAME—*remainder to heirs or heirs of the body of living person is a contingent remainder.* A conveyance of a present estate to the heirs or heirs of the body of a living person is void for uncertainty, because those who will take as heirs of a person cannot be known until his death; but a future estate may be limited to persons not ascertained or in existence if there is a present particular estate to support the remainder and the grantee will be in existence when the time arrives to enjoy the estate; such estate, however, is a contingent remainder.

9. SAME—*when remainder is not granted either in fee simple or fee tail.* A remainder "to the heirs of the body" of the life tenant, "their heirs and assigns," is not granted to the heirs of the life tenant either in fee simple or fee tail, because it is not granted to the general heirs as it would be if in fee simple, but to a restricted class, who, instead of taking in fee tail, take in fee simple.

10. SAME—*deed construed as creating a contingent remainder.* A deed in which the granting and *habendum* clauses are identical, which grants the land described to "Franklin B. Hoppin and Sarah Hoppin, his wife, for and during their natural lives and for and during the life of the survivor of them, and at the death of the survivor of them to the heirs of the body of the said Sarah Hoppin, their heirs and assigns," creates a remainder in the heirs of the body of Sarah Hoppin, which is contingent during her life.

11. SAME—*proper construction of section 6 of Conveyance act.* Section 6 of the Conveyance act applies to conveyances which by the common law would have created an estate tail, and in such çase the first tenant becomes seized of a life estate, only, and the remainder vests in the person or persons who are in the class of persons to whom the estate may first pass on the death of the first grantee, as soon as such person or persons come into being.

12. SAME—*what is necessary to justify construing grant to the heirs of a living person to mean children.* A grant to the heirs of a living person may be construed as meaning children, provided there are expressions used in connection with the technical words which clearly indicate that they are not used technically.

APPEAL from the Circuit Court of Montgomery county; the Hon. J. C. McBRIDE, Judge, presiding.

LANE & COOPER, for appellants:

A contingent remainder is not subject to sale on execution against the parties entitled to the same. *Haward v. Peavey,* 128 Ill. 430.

A contingent remainder is one limited to take effect either to a dubious and uncertain person or upon a dubious and uncertain event, where the condition is a precedent one. *Haward v. Peavey,* 128 Ill. 430.

The remainder created by a deed to a named person during her natural life and at her death to her children surviving her, share and share alike, is contingent, since the condition of survival may prevent the remainder from ever coming into possession, and the condition element is incorporated into the description of the remainder-men. *Robertson v. Guenther,* 241 Ill. 511.

A devise to the testator's wife for life and to her children at her death, and if she does not have children that will live to inherit the land, then the land, at the death of the wife and her children, shall go to a named person and his heirs, creates a contingent remainder with a double aspect, which, upon the death of the wife without children surviving, becomes a fee in such named person or in those who are his heirs at that time. *Golladay v. Knock,* 235 Ill. 412.

A contingent remainder not being liable to levy and sale under execution, a purchaser at such sale of the remainder-man's interest prior to the happening of the event upon which the remainder was to become vested takes nothing. *Rountree v. Rountree,* 26 S. C. 450.

Where a gift to survivors is preceded by a life or other prior interest it takes effect in favor of those who survive the period of distribution, and those only. *Blatchford v. Newberry,* 99 Ill. 11.

Remainders limited to a class of persons to be ascertained by the death of a person now living are contingent. *Blatchford* v. *Newberry,* 99 Ill. 11.

OLIVER J. BAILEY, WILLIAM ABBOTT, and JACK, IRWIN, JACK & MILES, for appellees:

Under paragraph 6 of the Conveyance act the heirs of the body (declared to be the children) of the tenant for life take a vested remainder at the date of the deed or of its delivery. *Frazer* v. *Peoria County,* 74 Ill. 282; *Kyner* v. *Boll,* 182 id. 171; *Lehndorf* v. *Cope,* 122 id. 317; *Welliver* v. *Jones,* 166 id. 80; *Blair* v. *VanBlarcum,* 71 id. 290; *Butler* v. *Huestis,* 68 id. 594.

A conveyance of land to an unmarried woman, to have and to hold unto her and the heirs of her body forever, vests in her an estate for life, only, and creates a contingent remainder in favor of the heirs of her body, who, when born, will take the absolute fee. *Frazer* v. *Peoria County,* 74 Ill. 282; *Kyner* v. *Boll,* 182 id. 171; *Welliver* v. *Jones,* 166 id. 80.

A conveyance of land to A for and during her natural life and at her death to the heirs of her body, their heirs and assigns, creates an estate for life in A and a vested remainder in fee simple absolute in the heirs of her body, the possession only being postponed to the death of A. The words "heirs of her body" mean the issue of her body. In such case, if no issue of the body of the immediate grantee had been living at the date of the deed or of its delivery she would have taken a life estate, and the remainder would have been what is known as a contingent remainder; but if there are children *in esse* at the delivery of the deed the remainder vests in them in fee, subject to the possibility of being divested *pro tanto* if the grant be opened to let in after-born children of like description. *Lehndorf* v. *Cope,* 122 Ill. 317; *Welliver* v. *Jones,* 166 id. 80; *Schaeffer* v. *Schaeffer,* 141 id. 337; *Boatman* v. *Boatman,* 198 id. 414.

If any child dies without issue and without having parted with his interest, the interest of the one so dying will descend according to our Statute of Descent, the mother, (life tenant though she be,) if living, taking a share of the portion which the child dying held in the remainder. *Butler* v. *Huestis,* 68 Ill. 594; *Voris* v. *Sloan,* 68 id. 588.

The delivery of the deed to the first taker is a sufficient delivery to those named in the deed who are to take upon the happening of some future event. *Chapin* v. *Nott,* 203 Ill. 341.

A vested remainder may be transferred by sale on execution or attachment, by deed and by will. *Railsback* v. *Lovejoy,* 116 Ill. 442; *Ducker* v. *Burnham,* 146 id. 9; *Beacroft* v. *Strawn,* 67 id. 28.

Mr. JUSTICE DUNN delivered the opinion of the court:

This was an action of ejectment, in which the plaintiffs recovered a judgment in the circuit court of Montgomery county, from which the defendants appealed. Both parties claim under the same deed, the appellants as grantees, the appellees under an execution sale and deed based upon a judgment against the appellants. The deed was executed on August 27, 1862, by Franklin Fassett, who was then the · owner of the land, and granted the premises to "Franklin B. Hoppin and Sarah Hoppin, his wife, for and during their natural lives and for and during the life of the survivor of them, and at the death of the survivor of them to the heirs of the body of the said Sarah Hoppin, their heirs and assigns." The *habendum* was identical with the grant. The appellants are the son and daughter of Franklin B. Hoppin and Sarah Hoppin,—the only children Sarah Hoppin ever had,—and were living when the deed was made. Sarah Hoppin conveyed her life estate in 1869, the judgment under which the appellees claim was recovered in 1874 and the deed executed under the sale was made in 1877. Sarah Hoppin did in 1908. The estate for the life of Sarah

'Hoppin was conveyed to the appellant Sarah E. Garland in 1899, and the appellants were in possession under that title thereafter until this action was commenced, in March, 1909.

The only question in the case is whether the remainder limited to the heirs of the body of Sarah Hoppin was contingent or vested at the time of the execution sale. If it was vested the title passed by the sale, but if it was contingent it was not an estate which could be sold on execution, and the purchaser acquired no title. *Ducker* v. *Burnham,* 146 Ill. 9; *Haward* v. *Peavey,* 128 id. 430; *Baker* v. *Copenbarger,* 15 id. 103.

The appellees have cited section 6 of the Conveyance act as decisive of this case. This section abolishes estates tail, and with them the rule in *Shelly's case* as applied to such estates. (*Baker* v. *Scott,* 62 Ill. 86; *Butler* v. *Huestis,* 68 id. 594.) That rule applies in this State only to fees simple. Under the operation of the rule where in force as to estates tail, a conveyance to one for life with remainder to the heirs of his body is the same as a conveyance to one and the heirs of his body, and the first taker has an estate tail, which is an estate of inheritance. In this State, however, where the rule is not in force as to estates tail, the conveyance operates according to its terms, and the first taker has a life estate, only. Section 6 has no application to this case, because it refers only to "cases where, by the common law, any person or persons might hereafter become seized in fee tail," etc., and this is not such a case. The grant here is of a life estate, and the remainder is not granted to the heirs of the life tenant either in fee tail or fee simple. It is not in fee simple, because it is not granted to the general heirs but to a restricted class; it is not in fee tail, because the heirs to whom the estate is restricted take in fee simple. The construction of the deed is not affected either by the rule in *Shelly's case* or section 6 of the Conveyance act. The words "heirs of the body," as used in the deed, are not words of limitation denoting the extent

and character of the estate granted to the first taker, but are words of purchase, descriptive of the persons who are to take the remainder upon the termination of the life estate.

When used as words of limitation, the words "heirs of the body" indicate all those persons who, upon the death of the immediate ancestor, succeed to the estate from generation to generation. If the words are so limited as not to include the whole line of inheritable succession, but only to designate the individuals who are, upon the death of the, ancestor, to succeed to the estate and who are themselves to constitute the source of future descent, they are words of purchase. In discussing the rule in *Shelly's case* it is said in 1 Preston on Estates, 282: "That all possible heirs of the given description are to take in succession, from generation to generation, under the name of heirs of the ancestor, is to bring the case immediately within the rule. That only one individual or several individuals is or are to take in the character of heirs, or, rather, as particular persons described by that name, either for their lives, only, or for an estate of inheritance to be deduced from them as the stock or ancestor, and that their heirs are described by superadded words of limitation and as their descendants, is to exclude the rule." The same principle is stated in Fearne on Contingent Remainders, 189, in Butler's note to Coke on Littleton, 377*a*, and in Hargrave's Law Tracts, 574-576.

The rule is, that where to the word "heirs" are added words limiting its meaning to one or more persons who are to take and constitute a new source of inheritance or stock of descent,—that is, when the words used designate the remainder-men to take after the expiration of the life estate as the person or persons who at that time answer the description of heirs and limit the estate in remainder to such persons and their heirs,—the rule in *Shelly's case* does not apply, but the estate subsequent to the life estate takes effect as a contingent remainder to the heirs of the life tenant, as purchasers. (*Archer's case,* 1 Coke, 65; *Evans* v.

*Evans,* 2 Ch. (1892) 173; *DeVaughn* v. *Hutchinson,* 165 U. S. 566; *DeVaughn* v. *DeVaughn,* 3 App. Cas. (D. C.) 50; *Taylor* v. *Cleary,* 29 Gratt. 448; *Peer* v. *Hennion,* 77 N. J. L. 693; *Tucker* v. *Adams,* 14 Ga. 548; *Stephenson* v. *Hagan,* 15 B. Mon. 282; *Jarvis* v. *Wyatt,* 4 Hawks, (N. C.) 227.) Applying the principle in this case, it is manifest that the words "heirs of the body" are words of purchase. They are limited by the words "their heirs and assigns." So limited they do not indicate descendants of the life tenant who are to take in succession, from generation to generation, but only the individuals who may be her heirs at her decease, and who themselves become the ancestors from whom the succession is to be derived and from whom an estate in fee simple will descend.

It is a general rule that a conveyance of a present estate to the heirs or heirs of the body of a living person is void for uncertainty, because those who will take as heirs cannot be known until the person's death. (*Hall* v. *Leonard,* 1 Pick. 27; *Morris* v. *Stephens,* 46 Pa. 200; *Winslow* v. *Winslow,* 52 Ind. 8; *Butler* v. *Huestis, supra.*) It is a well settled rule of construction that technical words are presumed to be used technically unless the contrary appears upon the face of the instrument, and that words of a definite legal signification are to be understood as used in their definite legal sense. The word "heirs" is a technical word having a definite legal signification, and, when unexplained and uncontrolled by the context, must be interpreted, according to its technical import, as designating the person appointed by law to succeed to the real estate in case of intestacy. Heirs of the body are a limited class of heirs, restricted to lineal descendants. Future estates, unlike present interests, may be limited to persons who are not ascertained or who are not even in existence, provided there is a present particular estate to sustain the remainder and the grantee shall be in existence when the time arrives for the enjoyment of the estate. Such an estate is a contingent remainder, and such is

the estate limited by the deed now under consideration. A
conveyance for life with remainder to the heirs or heirs of
the body of a living person creates a contingent remainder.
2 Blackstone's Com. 170; Fearne on Contingent Remain-
ders, 9; *Frogmorton* v. *Wharrey,* 2 W. Bl. 730; *Bayley* v.
*Morris,* 4 Ves. 788; *Richardson* v. *Wheatland,* 7 Metc. 169;
*Putnam* v. *Gleason,* 99 Mass. 454; *Sherman* v. *Jackson,*
30 Ga. 224; *Alverson* v. *Randall,* 13 R. I. 71; *Mudge* v.
*Hammill,* 21 id. 283; *Read* v. *Fogg,* 60 Me. 479; *Hall* v.
*LaFrance Fire Engine Co.* 158 N. Y. 570; *Williamson* v.
*Williamson,* 18 B. Mon. 329; *Johnson* v. *Jacob,* 11 Bush.
646; *Zuver* v. *Lyons,* 40 Iowa, 510.

A grant to the heirs of a living person has been con-
strued as meaning children where such has plainly appeared
to be the intention of the grantor. (*Seymour* v. *Bowles,*
172 Ill. 521; *Griswold* v. *Hicks,* 132 id. 494; *Butler* v.
*Huestis, supra; Cross-Carley Co.* v. *Purtell,* 74 Ga. 467;
*Fountain County Coal and Mining Co.* v. *Beckleheimer,* 102
Ind. 76; *Fanning* v. *Doan,* 128 Mo. 323; *Roberson* v.
*Wampler,* 104 Va. 380; *Barber* v. *Pittsburg, Ft. Wayne and
Chicago Railway Co.* 166 U. S. 83.) In those cases other
expressions were used in connection with the technical
words, which it was held clearly indicated that such techni-
cal words were not used in accordance with the technical
signification. There is no ground whatever in this case for
saying that the words "heirs of the body" were intended
to have other than their ordinary definite legal meaning, for
there are no words in the deed which in any way qualify
them. In discussing the construction to be given to tech-
nical words in the interpretation of instruments, the court,
in *Griswold* v. *Hicks, supra,* quoted and approved the fol-
lowing rule announced by Lord Denman in reference to
wills: "Technical words, or words of known legal import,
must have their legal effect even though the testator uses
inconsistent words, unless these inconsistent words are of
such a nature as to make it perfectly clear that the testator

did not mean to use the technical words in their proper sense." The rule is not less strict in regard to deeds.

There are many cases in which section 6 of the Conveyance act has been applied to the construction of conveyances which would by the common law have created an estate tail. In such cases we have held that the first tenant became seized of a life estate, only, and the remainder vested in fee simple in the person or persons who were in the class of persons to whom the estate tail might first pass on the death of the first grantee, as soon as such person or persons came into being. This is the settled construction of that statute. (*Voris* v. *Sloan*, 68 Ill. 588; *Frazer* v. *Supervisors of Peoria County*, 74 id. 282; *Lehndorf* v. *Cope*, 122 id. 317; *Dinwiddie* v. *Self*, 145 id. 290; *Welliver* v. *Jones*, 166 id. 80; *Kyner* v. *Boll*, 182 id. 171; *Atherton* v. *Roche*, 192 id. 252; *Peterson* v. *Jackson*, 196 id. 40; *Turner* v. *Hause*, 199 id. 464.) These cases are not, however, decisive of this case, which does not involve the application of the statute but is merely a question of the construction of the conveyance without reference to any statute. Uncontrolled by any statute we can reach no other conclusion than that the remainder to the heirs of Sarah Hoppin was contingent during her life, since it could not be ascertained who would be the heirs of her body until her death,—and that is the conclusion of the courts of Vermont and Arkansas, whose statutes are the same as ours. (*In re Estate of Kelso*, 69 Vt. 272; *In re Wells' Estate*, id. 388; *Horsley* v. *Hilburn*, 44 Ark. 458.) Since this contingent remainder was not subject to sale on execution, the appellees acquired no title through the deed based on such sale.

The court erred in not holding, as it was requested to do, that the remainder was contingent, and its judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*