(No. 14287.—Decree affirmed.)
JOSEPH F. BUNN *et al.* Appellees, *vs.* WILLIAM J. BUTLER *et al.*—(HENRY WIRT BUTLER *et al.* Appellants.)

*Opinion filed December 22, 1921.*

1. WILLS—*when words will not be given technical meaning.* As the purpose of construing a will is to find the intention of the testator, whenever it is apparent from reading a will that the testator did not use the words in their technical sense they will be given such meaning as will carry out the intention.

2. SAME—*when devisee takes fee simple as heir of the body of the life tenant.* Where a testator devises real property to certain trustees, with directions to permit his son "to occupy, possess, use and enjoy said tracts of land" during his life, and upon the further trust that after the death of the son "the said trustees, or the survivor, will convey said real estate to the heirs of the body" of the said son "surviving him," an only son who survives the life tenant will take the property in fee simple.

3. SAME—*when words "heirs of the body" are words of purchase.* The words "heirs of the body," when used in a devise, must be construed as words of purchase, where it is clear from the context of the will that the words describe the takers of the estate and not the estate to be taken.

APPEAL from the Circuit Court of Sangamon county; the Hon. NORMAN L. JONES, Judge, presiding.

ROBERT H. PATTON, and CHAUNCEY H. JENKINS, guardians *ad litem,* for appellants.

STUART BROWN, and LOGAN HAY, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The sole question presented by this appeal is whether, under the terms of the will of William Butler, deceased, William J. Butler is entitled to have conveyed to him in fee simple the property in question, or whether the fee simple title to the property should be conveyed to the children of William J. Butler, subject to a life estate in him.

The answer to the question rests on the construction to be given clause 9 of the will, which reads as follows:

"*Ninth*—I further devise to the said Jacob Bunn and John W. Bunn, or the survivor, the following tracts or parcels of land situate, lying and being in the county of Sangamon and State of Illinois, to-wit: [Lands in question.] To have and to hold said tracts of land, with all the privileges and appurtenances, to the said Jacob Bunn and John W. Bunn, or the survivor, and to their heirs and assigns forever. In trust, however, that said trustees, or the survivor, will suffer and permit my beloved son, Henry Wirt Butler, Sr., to occupy, possess, use and enjoy said tracts of land, with all the improvements thereon, and collect the rents and profits and use and enjoy the same for his own benefit and without accounting to any person whatsoever for the same during the full term of the natural life of my said son, Henry Wirt Butler, Sr., and upon the further trust after the death of my said son, Henry Wirt Butler, Sr., the said trustees, or the survivor, will convey said real estate to the heirs of the body of the said Henry Wirt Butler surviving him, and upon the further trust if my said son, Henry Wirt Butler, Sr., should die and leave no heir or heirs of his body surviving him, said trustees, or the survivor, will convey said tracts of land, with all appurtenances, to my general heirs."

The record shows that William Butler died testate January 11, 1876, and that his will was duly probated; that he was seized in fee simple of the lands in question; that the trustees named accepted the trust and that the legal title to the lands passed to them; that Jacob Bunn died, leaving John W. Bunn as his successor; that John W. Bunn died testate, and by his will, which was admitted to probate, his residuary estate was devised to Frank H. Jones, Jacob Bunn and George W. Bunn as trustees, and that he made no specific devise of the real estate here involved; that William Butler left as his heirs-at-law Speed Butler, Henry Wirt

Butler and Salome E. Butler, his children; that Henry Wirt Butler died intestate May 30, 1915, leaving as his only heir-at-law William J. Butler, his son; that to William J. Butler there have been born Henry Wirt Butler, Louise Butler, Salome E. Butler and McClernand Butler, the last three being minors; that upon the death of William Butler, Henry Wirt Butler went into possession of the lands in question and remained in possession until his death, when William J. Butler took possession of said lands and that he is still in possession of them.

The cause was heard before the chancellor, who entered a decree finding that under the terms of the will the legal title to the real estate at the time of the death of Henry Wirt Butler was in John W. Bunn as trustee under the will, and that upon his death the legal title to the real estate became vested in the heirs-at-law of John W. Bunn, in trust to convey the same in fee simple absolute to William J. Butler. The chancellor also found that certain mortgages had been executed by William J. Butler, and that the real estate should be conveyed subject to said mortgages. The heirs-at-law of John W. Bunn, deceased, are directed by the decree to execute and deliver to William J. Butler a quit-claim deed conveying the premises in question to him in fee simple, subject to certain liens not here involved. The guardians *ad litem* appointed by the circuit court to represent the minor children of William J. Butler, pursuant to authority and directions under the decree, have prosecuted this appeal.

Under the ninth clause of the will of William Butler, his son, Henry Wirt Butler, took a life estate in the lands in question and the remainder in fee passed to the trustees, with directions to convey the lands at the termination of the life estate, first, "to the heirs of the body of the said Henry Wirt Butler surviving him;" and second, to the general heirs of William Butler in the event Henry Wirt Butler died and left no heirs or heirs of his body

surviving him. The words "heirs of the body" may be used in either of two senses: in their unrestricted sense, as meaning the persons who from generation to generation become entitled by descent under the entail; and in the sense of heirs-at-law, or those persons who are descendants of his, whom the Statute of Descent appoints to take intestate estate. As the purpose of construing a will is to find the intention of the testator, whenever it is apparent from reading a will that the testator did not use the words in their unrestricted sense they will be given such meaning as will carry out his intention. (*Winchell* v. *Winchell,* 259 Ill. 471.) The manifest intention of the testator expressed in this will was to have the trustees convey the fee to a particular class, describing them, after the life estate in his son was terminated. The words, "the heirs of the body of the said Henry Wirt Butler surviving him," are therefore words of purchase and not words of limitation. They describe the persons who are to take the estate, and not the estate to be taken. The trustees were not to convey to the general heirs of William Butler unless there were no heirs of the body of Henry Wirt Butler surviving him at the time his life estate terminated. The words "surviving him" have a particular significance when used in this connection, because they show that when the testator used them in describing the person or persons to whom the remainder in fee was to be conveyed he was thinking not of a mere undeveloped aggregate or line of descent, but of particular persons who were to be alive when his son died and who would then answer the description of "the heirs of his body," and that it was to these persons he intended the trustees should convey the fee after the life estate terminated. We have repeatedly held that the words "heirs of the body" are often used in a will as words of purchase, when it is clear from the context of the will that the words describe the takers and not the estate to be taken. (*Butler* v. *Huestis,* 68 Ill. 594; *Ætna Life Ins. Co.* v. *Hoppin,*

249 id. 406; *Benson v. Tanner,* 276 id. 594.) The language of the will clearly expresses the intention of the testator, and we are disposed to regard the intention of the testator clearly expressed in his will as the all-controlling element in the decision of this case, rather than place the decision upon any refined reasoning or any inappreciable distinctions as to the technical meaning of the words employed.

The decree of the circuit court is affirmed.

*Decree affirmed.*