(No. 25080.—

CHARLES H. ALBERS, Receiver, Appellee, *vs.* JENNIE DONOVAN *et al.* Appellants.

*Opinion filed April 19, 1939—Rehearing denied June 13, 1939.*

SHAW, C.J., dissenting.

JOHNSON & POTTER, for appellants.

HERSHEY & BLISS, for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

Joseph Simons Sr., and Flora Simons, his wife, conveyed one hundred sixty acres of land to Jennie Donovan in 1910, in trust for twenty-one years, and at its expiration "to Jennie Donovan and the heirs born of her body in fee simple." Jennie Donovan had twelve children, all of whom were living when the trust terminated in 1931. Prior to the expiration of the twenty-one year period, Mrs. Donovan and five of her children executed first and second mortgages to the Illinois State Bank, of Assumption, Illinois, mortgaging and conveying all their rights and title acquired under the deed from Simons. After the trust terminated, the receiver of the bank foreclosed both mortgages and purchased the mortgagors' interests in the property at the foreclosure sale, receiving therefor a master's deed. By virtue of this deed the receiver claims a fee simple in an undivided six-thirteenths of the property, and brought this suit for partition. Jennie Donovan and her twelve children were made defendants. A guardian *ad litem* was named for two incompetents. The guardian answered, but all other defendants defaulted. The circuit court of Christian county granted partition and ordered the property sold. From this decree involving a freehold, the present direct appeal was taken.

Our decision, here, depends upon the construction given the clause in the deed conveying the legal title "to Jennie Donovan and the heirs born of her body in fee simple." The circuit court held that at the termination of the twenty-one-year trust, Jennie Donovan and her then living children, under the deed, became tenants in common in fee simple. Appellants contend the deed created a fee tail estate which

by statute (Ill. Rev. Stat. 1937, chap. 30, par. 5) was converted into a life estate in Jennie Donovan with remainder in fee simple to the heirs of her body, and since Jennie's "heirs" cannot be determined until her death, the land can not be partitioned at the present time.

In most American jurisdictions estates tail are not favored because of the delay in the vesting of title. (*Dick* v. *Ricker,* 222 Ill. 413.) In accord with this view we recently pointed out in *Hauser* v. *Power,* 356 Ill. 521, that under present day conditions, with estates tail abolished, the tendency is to construe the words "heirs of the body," *prima facie* at least, as words of purchase rather than as words of limitation—that is, as words indicating the takers of the estate rather than the estate to be taken. It is true that in an exceptional case, where the grant is to A and the heirs of her body, without more, we have held the words are words of limitation, creating an estate tail at common law. (*Hickox* v. *Klaholt,* 291 Ill. 544.) But whenever the context warrants it, "heirs of the body" have been construed as words of purchase, used to describe the takers and not the estate taken. (*Bunn* v. *Butler,* 300 Ill. 269; *Benson* v. *Tanner,* 276 id. 594; *Butler* v. *Huestis,* 68 id. 594; Kales, Estates and Future Interests, (2d ed.) sec. 197.) For example, in *Aetna Life Ins. Co.* v. *Hoppin,* 249 Ill. 406, a deed granting real estate to A and B, his wife, for life, and at the death of the survivor, to the heirs of the body of B, their heirs and assigns was held not to create a fee tail. The words "their heirs and assigns" following the phrase "heirs of the body" were there held to indicate that the words "heirs of the body" were a description of purchasers who should constitute a new stock of descent or the root of a new succession. (See, also, *DeVaughn* v. *Hutchinson,* 165 U. S. 566, 41 L. ed. 827.) In the deed before us the grant is "to Jennie Donovan and the heirs born of her body in fee simple." This language on its face indicates no intention to create a common-law fee tail—in fact it negatives

any such intention. The addition of the words "in fee simple" shows the grantor intended the words "heirs born of her body" as words of purchase, employed to describe the persons who were to share the fee simple with Jennie Donovan, and we so hold. If those words were to be construed as words of limitation creating an estate tail, the words "in fee simple" would be a contradiction, for an estate cannot be both a fee tail and a fee simple. To hold the conveyance a common-law fee tail the words "in fee simple" would have to be construed as surplusage and rendered meaningless. On the other hand, our view is that the words "heirs born of her body" are more logically construed as words of purchase, indicating the takers of the estate. The words "in fee simple" are thus given their full and apparent meaning designating the estate to be taken. This view not only sustains the evident intent of the grantors but is also in accord with the prevailing authorities and follows the general trend of court decisions which favor the vesting of an estate at the earliest possible time. *Fay* v. *Fay,* 336 Ill. 299; *Stevens* v. *Felman,* 338 id. 391.

It is urged that even if the deed does not create a common-law fee tail the estate cannot be partitioned at this time because the "heirs" of Jennie Donovan, who are to share with her in the fee simple estate, cannot be determined until her death. This view entirely loses sight of the fact that throughout the entire instrument the grantors referred to Jennie Donovan and her "children" then in being or born during the twenty-one year period, using the words "Jennie Donovan and the heirs born of her body in fee simple" only once near the end of the deed. In our judgment the word "heirs" was not used in its narrow or technical sense. If so interpreted, the deed would give the entire fee to Jennie, and her children would take nothing, since a deed to a living person and the heirs of his body is void as to the heirs. (*Duffield* v. *Duffield,* 268 Ill. 29; *Miller* v. *McAlister,* 197 id 72; *Aetna Life Ins. Co.* v. *Hoppin, supra.*) Such a re-

sult would obviously defeat the clearly expressed intention of the grantors. Whether the word "heirs" may be construed to mean "children" depends upon the intention of the grantor as shown by the context of the deed. (*Seymour v. Bowles*, 172 Ill. 521.) In the deed before us the grant of title is preceded by the conveyance of the property in trust for twenty-one years. By its terms all income and revenues from the property were to be applied to "the support and maintenance of the said Jennie Donovan, and the support, maintenance, rearing and education of the children now and those that may be hereafter born to her body, in such a way or manner as will be conducive to the care, comforts and livelihood of the said Jennie Donovan and the children now and hereafter born of her body during the continuance of the said trust." Plainly, the principal object of the trust was to provide support and maintenance for both Mrs. Donovan and her children then in being or afterward born during the trust period. The deed thus conveyed the fee simple to Jennie Donovan and the twelve children living when the trust terminated, as tenants in common. (*Duffield* v. *Duffield, supra.*) This fee cannot be opened up to let in after-born children because a grant to the "children of A" where A has children in being is always construed to mean the existing children only. Kales, Estates and Future Interests, (2d ed.) sec. 476; *Faloon* v. *Simshauser*, 130 Ill. 649; *Miller* v. *McAlister, supra.*

Each of the appellants in this case was entitled to an undivided one-thirteenth interest in the real estate, as tenants in common. The circuit court correctly held that appellee, as purchaser of the interests of Mrs. Donovan and the five children who joined in the mortgages, became the owner of their undivided six-thirteenths' interest and was entitled to partition.

The decree is affirmed.

*Decree affirmed.*

Mr. Chief Justice Shaw, dissenting.