THOMAS P. DEAN, Appellee, *vs.* ANNA M. DEAN, EXTX., Appellant.

*Opinion filed April 23, 1909.*

1. WILLS—*circuit court has no original jurisdiction of the probating of wills.* The circuit court has no original jurisdiction of the probating of wills, but the exclusive original jurisdiction is vested, both by the constitution and the statute, in the county court.

2. SAME—*jurisdiction of circuit court of the probating of wills is appellate, only.* The jurisdiction of the circuit court in the matter of probating wills is derived from the Statute of Wills and is appellate in character, and it is only when the county court has acted and has admitted or refused to admit a will to probate that the circuit court may obtain jurisdiction by appeal, and even then the trial is *de novo* and is confined to the order appealed from.

3. APPEALS AND ERRORS—*when appeal lies to circuit court.* An order of the county court setting aside an order admitting a will to probate is not a final order; but an order of such court refusing to set aside the probate of a will is final, and under the statute an appeal may be taken to the circuit court.

4. SAME—*order of circuit court setting aside probate of will on appeal is not final.* An order of the circuit court setting aside, on appeal, an order of the county court sustaining the probate of a will and refusing to set it aside is not an adjudication upon the merits of the case and is not a final order from which an appeal will lie to the Supreme Court, but its effect is merely to open up the proceeding for another hearing in the county court upon the petition to admit the will to probate. (*Wright* v. *Simpson,* 200 Ill. 56, explained.)

5. SAME—*the circuit court can proceed no further after setting aside order probating will.* After the circuit court has set aside an order of the county court sustaining the probate of a will it can proceed no further, and upon the order of the circuit court being transmitted to the county court the matter of probate is left pending in the county court to be determined in the future.

APPEAL from the Circuit Court of Ogle county; the Hon. OSCAR E. HEARD, Judge, presiding.

J. C. SEYSTER, and C. E. GARDNER, for appellant.

FRANC BACON, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Samuel Dean, a resident of Rochelle, in Ogle county, died September 5, 1906, leaving as his heirs-at-law his widow, Anna M. Dean, the appellant, his brothers and sisters and certain nephews and nieces. An instrument purporting to be his last will and testament and to dispose of both real and personal property was admitted to probate by the county court of Ogle county upon the petition of appellant, who was named in the instrument as executrix and who qualified as such. On September 9, 1907, Thomas P. Dean, the appellee, a brother of the deceased and one of his heirs-at-law, filed a petition in the county court to set aside the probate of the will on the ground that petitioner had not been given notice of the application for probate in the manner required by the statute. The county court heard the petition and refused to set aside the probate. Appellee appealed to the circuit court, where the petition was again heard, and an order was entered vacating and setting aside the order of the county court admitting the will to probate. From the order of the circuit court this appeal was prosecuted.

Perhaps the attorneys in praying for the appeal, and the court in allowing it, had in mind the case of *Wright* v.

*Simpson,* 200 Ill. 56, in which this court entertained a similar appeal. In that case the question whether the order was a final one, from which an appeal could be taken, was not considered. In the later case of *Schofield* v. *Thomas,* 226 Ill. 631, the question whether an appeal could be taken from such an order was considered, and it was held that an order of the probate court of Cook county setting aside an order admitting a will to probate was not a final order, and that the circuit court for that reason properly dismissed an appeal therefrom. The order of the county court in this case refusing to set aside the probate of the will was final, for the reason that it ended the proceeding and established the validity of the probate. (*Floto* v. *Floto,* 213 Ill. 438.) The law allowed an appeal from that order to the circuit court, but the order of the circuit court setting aside the probate was not an adjudication upon the merits and did not finally dispose of the case. It merely opened the proceeding for another hearing in the county court on the petition of appellant to admit the will to probate. The order of the circuit court setting aside the probate of the will, when transmitted to the county court, would leave the matter of the probate pending there, to be determined in the future. The jurisdiction of the circuit court on the appeal was limited to the determination of the question whether the probate should be set aside, and having determined that question the court could proceed no further. In case of an appeal from an order of the county court made in the administration of an estate, the appeal does not remove the administration to the circuit court but removes only the particular order appealed from. (*Schofield* v. *Thomas,* 231 Ill. 114.) The circuit court has no original jurisdiction of the probating of wills, but the exclusive original jurisdiction, both by the constitution and statute, is vested in the county courts. (*People* v. *Knickerbocker,* 114 Ill. 539; *Beatty* v. *Clegg,* 214 id. 34.) The only jurisdiction of the circuit court is derived from the Statute

of Wills and is appellate in its character. It is only when the county court has acted, and has admitted or refused to admit any will to probate, that the circuit court may obtain jurisdiction by an appeal. On such an appeal the trial is *de novo* and confined to the order appealed from. To hold that the circuit court could proceed further and hear the petition for the probate of this will would not only be contrary to the constitution and statute, but might deprive parties of valuable rights secured to them by the law. The law has been framed so as to secure to the proponent of a will the right to establish it either by the testimony of subscribing witnesses or by any evidence competent to establish a will in chancery and to permit a contestant to attack the will afterward by bill. On the original application to admit a will to probate the evidence is limited, but in case of refusal by the county court to admit the will to probate the proponent is not limited, on appeal to the circuit court, to the subscribing witnesses, but the will may be established by any evidence competent to establish a will in chancery. In case of an appeal from an order allowing probate the evidence is confined to the same testimony admissible in the county court. If the original jurisdiction should be exercised by the circuit court and probate be disallowed, there would be no way by which the proponent of the will could establish it by evidence sufficient to establish a will in chancery. The order of the circuit court setting aside the probate was interlocutory in character and not final, and no appeal is provided for by statute except from final orders, judgments or decrees. The right to appeal is purely statutory, and no appeal can be taken where none is provided for by statute. Whatever the consequences may be, there can be no appeal in this case until there has been a final determination of the merits on the petition to admit the will to probate.

The appeal is dismissed.                    *Appeal dismissed.*