JOHN THOMAS, Appellee, *vs.* JOHN THOMAS, JR., *et al.* Appellants.

*Opinion filed December 21, 1910.*

1. WILLS—*when rule that only those members of a class of devisees in esse at time of distribution will take does not apply.* The rule that where a devise is to a class none will be permitted to take except those who are *in esse* at the time of distribution is applicable where the language of the will clearly indicates such intention or where the postponement of the period of distribution is for reasons personal to the testator, but it is not applicable where no such intention is manifested and there is nothing to indicate that the postponement of the distribution was for any other purpose than to let in a life estate.

2. SAME—*a remainder is vested if the distribution is postponed merely to let in a prior interest.* In the absence of a clear intention to the contrary, a remainder devised to a class vests in those members of the class *in esse* at the testator's death, where the postponement of the distribution is for no apparent purpose except to let in the life estate; and this is true even where the only devise to such class is the direction for distribution. (*Carter* v. *Carter,* 234·Ill. 507, followed.)

3. SAME—*when remainder is vested.* A devise of certain described land to the testator's daughter, "to have, hold, use and enjoy the same for and during her natural life, and at her decease the same shall be divided among her children in fee, share and share alike," passes to the children *in esse* at the testator's death a vested remainder, which will open up to let in after-born children, and if one of the children dies intestate after the testator's death and before the termination of the life estate her interest will pass to her heirs.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

H. M. KELLY, for appellants.

BUTTERS & ARMSTRONG, for appellee.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of the court:

This was a bill for partition, brought in the circuit court of LaSalle county by appellee, John Thomas, against his two minor sons, who are appellants here, for the partition of about eighty-four acres of land. Appellee claimed that he owned a one-twelfth undivided interest in the real estate involved. Appellants by their answer denied that appellee had any interest in said land and claimed the entire estate. The court below, being of the opinion that John Thomas was the owner in fee of one-twelfth undivided interest, sustained the bill, rendered a decree for partition and appointed commissioners, who reported that the premises were indivisible, whereupon a decree for sale was entered. The only question presented for our consideration is whether the court properly found the interests of the parties.

Christian Eggert, the grandfather of appellants, died testate October 23, 1897. The lands in controversy were disposed of by the third clause of his will, which is as follows:

"I give and devise to my daughter, Lizzie Thomas, the north half (½) of the south-west quarter (¼) of section fifteen (15), in township thirty-two (32), north, in range three (3), east of the third (3d) principal meridian, in the county of LaSalle and State of Illinois, and the north four (4) acres of the south half (½) of the south-west quarter (¼) of said section fifteen (15), to have, hold, use and enjoy the same for and during her natural life, and at her decease the same shall be divided among her children in fee, share and share alike. But this devise is made subject

to the payment of $100 per year to my said wife, Catherine M. Eggert, for and during the life of my said wife, and subject also to the payment of all taxes legally assessed against and upon said lands, and the keeping of said lands in good condition during the lifetime of my said wife and during the lifetime of my said daughter."

Lizzie Thomas, the life tenant under the foregoing clause of the will, had three children living at the death of the testator,—Carrie Thomas and the two appellants herein, John Thomas, Jr., and Arthur Thomas. Carrie died intestate before the death of her mother but long after the death of the testator. Carrie Thomas left surviving her the appellee, (her father,) her mother, Lizzie Thomas, and her two brothers, who are minors.

Appellants contend that under the third clause of their grandfather's will the remainder given to the children of Lizzie Thomas was contingent and did not vest until the death of their mother, and that since they were the only survivors of the class to whom the remainder was given at the time it vested, they took the entire estate upon the death of their mother; while appellee contends that the estate in remainder vested in the children of Lizzie Thomas immediately upon the death of the testator, and that when Carrie died leaving no children but leaving her parents and two brothers as her only heirs, appellee, as her surviving father, inherited one-fourth of one-third, or one-twelfth, under the second clause of section 1 of our Statute of Descent. Appellants contend that where a devise is to a class, none will be permitted to take except such as are *in esse* at the time of distribution, and more especially where the only words in the will importing the gift are those employed to denote the time of division.

The rule contended for by appellants is applicable in cases where the postponement of the period of distribution is for reasons personal to the devisees, or in cases where the language clearly indicates an intention that the remain-

der is to vest only in such members of the class as survive the period of distribution. There is clearly no word of survivorship in the clause in question, nor is there anything in this clause or in the context of the will which will warrant us in concluding that the postponement was for any other reason than to let in a life estate for the testator's daughter, Lizzie. Where the enjoyment of the estate or the period of distribution is postponed for the convenience of the funds of the estate and not for reasons personal to the devisees, the remainder is vested. (*Scofield* v. *Olcott,* 120 Ill. 362; *Carter* v. *Carter,* 234 id. 507; *Knight* v. *Pottgieser,* 176 id. 368.) The possibility of after-born children coming into the class does not interfere with the operation of this rule. In such case the estate vested will open up to let in subsequently born children. In this case there were no children born to Lizzie Thomas subsequent to the death of the testator. In *Scofield* v. *Olcott, supra,* on page 373, this court said: "But even though there be no other gift than in the direction to pay or distribute *in futuro,* yet if such payment or distribution appear to be postponed for the convenience of the fund or property, as where the future gift is postponed to let in some other interest,—for instance, if there is a prior gift for life or a bequest to trustees to pay debts, and a direction to pay upon the decease of the legatee for life or after payment of the debts,—the gift in remainder vests at once and will not be deferred until the period in question. But where the payment is deferred for reasons personal to the legatee the gift will not vest till the appointed time."

The case at bar cannot be distinguished, in principle, from the late case of *Carter* v. *Carter, supra.* On the authority of that case, as well as of the cases above cited, the court below ruled correctly in holding that the remainder vested in the children of Lizzie Thomas immediately upon the death of the testator. Appellee became the owner of one-twelfth interest in these premises upon the death of his

daughter, Carrie. No other question is presented which is of importance enough to require our consideration.

The decree of the circuit court of LaSalle county will be affirmed.

*Decree affirmed.*