ETHEL DELLITT SMITH, Appellee, *vs.* MYRTLE DELLITT *et al.*—(ALTA DELLITT, Appellant.)

*Opinion filed February 25, 1911.*

1. WILLS—*fundamental rule is to ascertain and give effect to testator's intention.* The fundamental rule in construing a will is to ascertain the testator's intention and give effect thereto if it can be done without violating some established rule of law, and to that end all parts of the will are to be considered and the different parts compared.

2. SAME—*word "or" may be construed to mean "and."* In construing wills the word "or" may be construed to mean "and," as where an estate is given to a devisee "or his heirs."

3. SAME—*when daughters are vested with fee upon the father's death.* Where a testatrix having a husband and two daughters devises a life estate in certain land to the husband with remainder in fee to the daughters at his death, and provides that if either daughter shall die without leaving a child or children the surviving daughter shall have the property, and "should both die without leaving legal child or children all this estate goes to the father or his heirs," the words "or his heirs" should be construed "and his heirs," and as so construed the daughters take the fee absolutely if they survive the father, and the latter and his heirs will not take the fee unless both daughters die before the father without leaving legal children. (*Fifer* v. *Allen,* 228 Ill. 507, distinguished.)

APPEAL from the Circuit Court of Mercer county; the Hon. EMERY C. GRAVES, Judge, presiding.

D. A. HEBEL, guardian *ad litem* for Alta Dellitt and attorney for John W. Dellitt, legal guardian of Alta Dellitt.

SEARLE & MARSHALL, for appellee.

249—8

CHURCH & CHURCH, attorneys for R. P. Wait, guardian for Myrtle Dellitt.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of the court:

This is an appeal from a decree in a partition proceeding instituted in the circuit court of Mercer county by Ethel Dellitt Smith against Myrtle Dellitt and others. The only question presented for our consideration is whether the court properly construed the last will and testament of Anna Dellitt in determining the interests of the parties.

Anna Dellitt was the owner, at the time of her death, of the west half of the south half of the north-west quarter of section 5, in township 15, north, range 3, west of the fourth principal meridian. She died testate on or about the 8th day of March, 1901, and left surviving her, her husband, Harvey Dellitt, and two daughters, Ethel Dellitt Smith and Myrtle Dellitt, her only children and heirs. By the second paragraph of her will she disposed of the real estate in question as follows:

"I give and bequeath to my beloved husband, Harvey Dellitt, all my real estate for and during the term of his natural life. At the death of my said husband, Harvey Dellitt, the same shall revert to my children, Ethel Dellitt and Myrtle Dellitt. Description of the real estate, viz.: The west half of the south half of the north-west quarter of section 5, in township 15, north of range 3, west of the fourth principal meridian, containing forty (40) acres, more or less. Should Ethel Dellitt die without leaving any legal child or children, or should Myrtle Dellitt without leaving the same, this property shall revert back to the other sister, if living, and should both die without leaving legal child or children, all this estate goes to the father or his heirs."

After the death of the testatrix her surviving husband, Harvey Dellitt, took possession of the real estate and held

the same until his death, which occurred October 14, 1906. Some time after the death of the testatrix Harvey Dellitt intermarried with Bessie Dellitt. Of this marriage one child, Alta Dellitt, was born, who is still living. Harvey Dellitt died intestate, leaving his widow, Bessie Dellitt, and their child, Alta, and the two daughters by his former marriage, Ethel and Myrtle. After the death of Harvey Dellitt, Ethel Dellitt Smith and her minor sister, Myrtle, went into possession of the real estate in controversy, claiming the exclusive ownership of the same, as tenants in common, under the will of their mother. In the bill for partition it is alleged that the title to the land in question is held by Ethel Dellitt Smith and her minor sister, Myrtle Dellitt, in equal undivided parts. Ethel's half-sister, Alta Dellitt, was made defendant, together with her guardian; also Myrtle Dellitt and her guardian, and other persons who claim some rights, as tenants or otherwise, in the premises. The court below found Ethel Dellitt Smith and Myrtle Dellitt were the sole owners of the premises as tenants in common, subject to a mortgage that had been executed by their parents prior to the death of their mother, and that no other person had any interest in the land, and ordered a partition accordingly. Alta Dellitt, by her guardian *ad litem,* excepted to this decree, and prosecutes this appeal for the purpose of having the decree reviewed by this court.

The fundamental rule, to which all rules must give way, in construing a will is to ascertain the intention of the testator, and to give effect to such intention, if it can be done, without contravening some established rule of law. (*Crerar* v. *Williams,* 145 Ill. 625; *Bradsby* v. *Wallace,* 202 id. 239.) In determining the intention of the testator all parts of the will are to be considered and the different parts compared, and when so considered the question is, What did the testator intend? The testatrix in the case now under consideration owned the real estate in question in her own right, by descent from her ancestors. She had a husband

and two daughters. By the first sentence in the second paragraph of her will she gave her husband, Harvey Dellitt, all of her real estate "for and during the term of his natural life." This language is perfectly clear. No question is or can be made as to the intention to give the husband the full benefit of this real estate as long as he lived. The next thought in the mind of the testatrix was to make a provision for her two daughters, and for that purpose she uses the following words: "At the death of my said husband, Harvey Dellitt, the same shall revert to my children, Ethel Dellitt and Myrtle Dellitt." This language is equally as clear as that employed by the testatrix in devising a life estate to her husband. It clearly indicates an intention that the two daughters should receive the real estate at the termination of the life estate left to her husband. Then follows a description of the premises in the will, and the will then proceeds: "Should Ethel Dellitt die without leaving any legal child or children, or should Myrtle Dellitt without leaving the same, this property shall revert back to the other sister, if living, and should both die without leaving legal child or children, all this estate goes to the father or his heirs." The testatrix appointed her husband executor of the will. She manifestly contemplated that he would survive her. The remainder to the two daughters became vested in them immediately upon the death of the testatrix, although the enjoyment was postponed until the falling in of the life estate. The testatrix, considering the possibility that one or both of her daughters might die without leaving any child or children, made a provision that if either should die under the circumstances stated the survivor would take the entire estate in remainder, and then it is provided that if both the daughters shall die leaving no child or children the estate should go to her husband, Harvey Dellitt, or his heirs. The provision in the will that the father should succeed to the fee in case the daughters should die without leaving a child or children indicates that the testatrix had

in mind the death of the daughters prior to the death of the father,—that is, their death before they came into the enjoyment of their estate in fee. Certainly, she did not mean that if the daughters should die at any time, either before or after the expiration of the life estate, under the circumstances named, the father should succeed to the estate. This construction would be more readily assented to if it were not for the use of the phrase "or his heirs," following the word "father." This will was, no doubt, drawn by some person not skilled in the use of clear, accurate and legal language. The disjunctive word "or" is often construed as "and" in the interpretation of wills, as where a will gives an estate to the devisee "or" his heirs "or" legal heirs "or" issue, the word "or" will be construed as "and." (6 Words and Phrases, 5008.) In the work above cited a large number of cases are collected illustrating the application of the rule above stated.

The phrase "or his heirs," in this will, should be read "and his heirs." Thus construed, the will clearly means that if both daughters died without leaving a child or children during the lifetime of the father, the fee in remainder which is given to the daughters would go to the father in fee, or to him "and his heirs," which means the same thing. The general rule deduced from an exhaustive examination of the cases in this and other jurisdictions in *Fifer* v. *Allen,* 228 Ill. 507, that, where the context of the will is silent, words referring to the death of the prior legatee, in connection with some collateral event, apply where the contingency happens after as well as before the death of the testator, does not control in cases like the one at bar, where the context shows the intention to be otherwise. This is the construction given to the will by the court below and is in accordance with the clear intention of the testatrix.

The decree is affirmed.                     *Decree affirmed.*