FRANCES SPEER, Appellee, *vs.* EDWARD JOSENHANS *et al.* Appellants.

*Opinion filed June 22, 1916—Rehearing denied October 4, 1916.*

1. WILLS—*when witnesses are competent.* The daughter and son of a devisee are competent witnesses to a will, even though, following the description of the land, there is an *habendum* running to the devisee "or" her heirs, executors, administrators and assigns, where it is apparent from a reading of the will and from the fact that the same was written by the daughter with the aid of a general encyclopedia of information, that the word "or" was improperly used and that a devise by substitution to the heirs of the devisee was not intended.

2. SAME—*order of circuit court admitting a will to probate is final and appealable.* An order of the circuit court admitting a will to probate on appeal from the county court is a final, appealable order, and if the will disposes of real estate it is proper to take the appeal to the Supreme Court. (*Dean* v. *Dean,* 239 Ill. 424, distinguished.)

3. SAME—*effect of admitting second will to probate.* The admission of an instrument to probate by the probate court amounts to a finding that the instrument is the last will and testament of the testatrix and a revocation of the former probate of another instrument, where the petition for probate asks the court to determine which of the two instruments is the last will and testament of the deceased.

4. SAME—*effect of amendment of 1909 concerning evidence on appeal to circuit court.* The effect of the amendment in 1909 of section 13 of the Wills act was to enable the proponents of a will to sustain it in the circuit court by testimony other than that of the subscribing witnesses, whether probate was allowed or refused in the county court, but it does not operate to extend the right of a contestant to attack the validity of the will unless the proponent attempts to support the same by evidence competent to establish a will in chancery and thereby presents the issue whether the will is valid under the evidence.

5. SAME—*when testimony that signature to will is not genuine is not admissible.* Upon appeal to the circuit court from an order admitting a will to probate, if the proponents rely upon the testimony of the subscribing witnesses and there is no fraud, compulsion or other improper conduct affecting the will, the contestants are not entitled to introduce testimony attacking the genuineness of the signature of the testatrix. (*Craig* v. *Trotter,* 252 Ill. 228, distinguished.)

APPEAL from the Circuit Court of Cook county; the Hon. HARRY C. MORAN, Judge, presiding.

JAMES F. HUTCHISON, and JOHN A. HENRY, for appellants.

HARRY A. DAUGHERTY, and ROBERT J. FOLONIE, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On November 19, 1913, the appellee, Frances Speer, filed in the probate court of Cook county her petition, alleging that on July 18, 1913, the appellants, Edward Josenhans and Charles C. Josenhans, presented to that court an instrument in writing as the will of Barbara Gerber, deceased, dated January 17, 1906, with two codicils attached, dated September 4, 1912, and June 9, 1913; that said instruments were admitted to probate and letters testamentary were issued to the appellants, who were named therein as executors; that before the presentation of said instruments to the probate court another instrument purporting to be the last will and testament of Barbara Gerber, dated December 11, 1912, and a codicil thereto, dated July 2, 1913, were presented to George Blumenschein and Edward Josenhans, who, with the appellee, were named as executors, but they declined to present the same to the court for probate and insisted that the instruments afterward presented to the court were the only genuine will, and codicils thereto, of the said Barbara Gerber; that the said Barbara Gerber executed and acknowledged the instrument of December 11, 1912, and the codicil thereto of July 2, 1913, and declared the same to be her last will and testament; that the appellee would much prefer to have the instruments which had been admitted to probate stand as the last will and testament of Barbara Gerber for reasons stated in the

petition, but that she had been advised by her attorneys that it was her duty to present the instruments to the court in order that it might be determined which of the instruments, with the codicils thereto, constituted, in fact, the last will and testament of said Barbara Gerber. With the petition were presented the will of December 11, 1912, and the codicil thereto of July 2, 1913. The will so presented, dated December 11, 1912, was executed before the codicil of June 9, 1913, to the will which had been admitted to probate, but the codicil of July 2, 1913, to the will of December 11, 1912, ratified and confirmed that will and declared the same to be the last will and testament of the testatrix except as changed by that codicil, so that the instruments presented by the appellee with her petition were upon their face later than the instruments which had been admitted to probate. Barbara Gerber died on July 12, 1913, ten days after the execution of the last codicil, leaving no descendants, having never been married, and her heirs-at-law were a large number of relatives, who with the devisees and legatees were notified of each proceeding. On the hearing of appellee's petition the probate court admitted to probate the instruments offered for probate by appellee, which amounted to a finding that they constituted the last will and testament of Barbara Gerber and a revocation of the former probate of the other instruments. The petition asked the court to determine which of the instruments constituted the last will and testament of Barbara Gerber, and the court found that the instruments presented by the appellee constituted the ·last will and testament, which was substantially in accordance with the practice approved in *Conzet* v. *Hibben*, 272 Ill. 508, although there was no formal revocation of the first probate. An appeal was taken to the circuit court by Edward Josenhans and Charles C. Josenhans, where the cause was tried, and the court again admitted to probate the will of December 11, 1912, with the codicil of July 2, 1913.

The will and codicil as admitted to probate by the circuit court were each attested by Mabel Condon and Judge T. Speer as subscribing witnesses, and they each testified to all the statutory requirements for the due execution of the instruments, and that there was no fraud, compulsion or other improper conduct affecting the will. Their competency as witnesses was questioned, but the court held them to be competent. The ground of the objection was that the witnesses were given an interest by the will, and it was based on this provision: The will devised to the appellee, Frances Speer, real estate in Chicago described in the will, and following the description there was an *habendum*, "to have and to hold the same, together with all the profits and income thereof, to her, the said Frances Speer, or her heirs, executors, administrators and assigns, to her and their use and benefit forever." Mabel Condon is a daughter and Judge T. Speer a son of Frances Speer, and it is argued that the devise was to Frances Speer, or by substitution to her heirs, executors, administrators and assigns, and as the witnesses might be her heirs they had an interest in the devise. The will was drawn by Mabel Condon, a school teacher, with the aid of a typewriter and a general encyclopedia of information, and was finally produced after several abortive efforts to frame a proper will. As Mabel Condon procured her law from a general encyclopedia of information and the general words of the *habendum* were appropriate to a devise in fee, it is fair to assume that the word "or" was improperly used. It is evident from a reading of the devise that the testatrix intended to devise the fee to Frances Speer, and the witnesses took no interest under the will and were competent.

It is contended by the appellee that an appeal will not lie to this court from the order of the circuit court admitting the will to probate. The statute provides for appeals from the final orders, judgments and decrees of circuit courts to the Appellate Court or this court, and an order

admitting the will to probate is a final judgment, order or
decree and within the terms of the statute.    As the will
devised real estate the appeal was to be to this court.    The
decision in *Dean* v. *Dean,* 239 Ill. 424, does not sustain the
claim of the appellee.    In that case the county court was
applied to to set aside the probate of the will and refused to
do so.    The circuit court, on appeal, set aside the order of
the county court, leaving the case pending there on the ap-
plication to admit the will to probate, and an appeal to this
court was dismissed because the order appealed from was
not a final order.

The circuit court sustained objections to testimony of-
fered by the appellants that the signatures to the will and
codicil were not the genuine signatures of Barbara Gerber.
In the probate court, on the presentation of the will for
probate, the testimony to be heard was that of the subscrib-
ing witnesses, and the will was to be admitted to probate or
probate refused on their testimony, provided that no proof
of fraud, compulsion or other improper conduct should be
exhibited which in the opinion of the court would be suf-
ficient to invalidate or destroy the will.    Prior to 1909 the
statute provided that if probate was refused, the parties
seeking probate might, on appeal to the circuit court, sup-
port the will by any evidence competent to establish a will
in chancery.    Under that statute it was uniformly held that
in case a will was admitted to probate in the county court,
both parties, on appeal, were limited, so far as the execu-
tion of the will and testamentary capacity were concerned,
to testimony of the subscribing witnesses, with the privilege
to contestants to offer proof of fraud, compulsion or other
improper conduct sufficient to invalidate the instrument as
a will.    (*Andrews* v. *Black,* 43 Ill. 256; *Crowley* v. *Crow-
ley,* 80 id. 469; *Weld* v. *Sweeney,* 85 id. 50; *Critz's Heirs*
v. *Pierce,* 106 id. 167; *Bice* v. *Hall,* 120 id. 597; *In re Es-
tate of Arrowsmith,* 206 id. 352; *In re Noble,* 124 id. 266;
*Greene* v. *Hitchcock,* 222 id. 216; *Hill* v. *Kehr,* 228 id.

274 — 16

204.)    In order to permit the proponents of a will which has been admitted to probate by the county court to sustain the same, on appeal, by testimony other than that of subscribing witnesses, the statute was amended in 1909 so as to give that right whether probate was allowed or refused in the county court.    The amendment does not extend the right of a contestant unless the proponent of a will shall attempt to support the same by evidence competent to establish a will in chancery, and thereby present the issue whether the will is valid under such evidence, when that issue may be tried.    It has always been considered that the General Assembly did not intend that contestants should have the privilege, on their own motion, of trying the same question twice,—first on an appeal in the circuit court and again on a bill in chancery,—a right expressly reserved in the same section of the statute as amended.    It was so regarded in *Craig* v. *Trotter,* 252 Ill. 228, which was decided since the amendment, in which probate of the will of April 21 had been rejected by the county court, while in this case the will had been admitted to probate and there was no attempt to establish the will except by the subscribing witnesses.    The court did not err in sustaining the objections to the offered evidence, whether the ruling was upon a correct theory of the law or not.

The appellants offered in evidence a paper signed by twenty-three legatees, requesting that the will first admitted to probate should stand as the last will and testament of Barbara Gerber, and the court sustained the objection to the same.    This was correct, as the wishes of the legatees were immaterial and could afford no basis for a determination which instrument was the last will and testament and expressed the final wishes of Barbara Gerber.

There was no evidence of fraud, compulsion or other improper conduct relating to the execution of the will or codicil, and the court did not err in admitting the instruments to probate.    The way is still open for the contestants

to attack the probate of the will by a bill in equity, and if successful in such attack the first will and the probate thereof, which, in substance and effect, were set aside by the judgment appealed from, will stand.

A judge of the city court of Canton presided in the circuit court, and appellants contend that he had no right to hear or decide the case because the provisions of the City Court act providing for the interchange of judges was repealed by the act giving authority to this court to assign judges to hold courts in any circuit court or the superior court of Cook county. That question was not raised in any way in the trial court except on a motion for a new trial, which was too late and will not be considered.

The judgment is affirmed.      *Judgment affirmed.*