(No. 15479.—Decree affirmed.)
TIMOTHY MEEKER et al. Appellees, vs. SOPHIA STEEPLE-
TON et al. Appellants.

*Opinion filed October 20, 1923.*

1. WILLS—*rule in Shelley's case is not a rule of construction.*
In determining whether the word "heirs" in a devise is used in its
technical sense the rule in *Shelley's case* is not considered, as it is
not a rule of construction but a rule of law, which must be applied
if the testator uses language bringing the devise within the rule.

2. SAME—*when word "heirs" is used as describing quality of
estate devised.* Where there is a devise of a freehold to one per-
son and in the same instrument the estate is limited in fee to his
heirs, the word "heirs" is regarded as describing the extent or qual-
ity of the estate devised and not as designating the persons to
take it.

3. SAME—*word "heirs," used in a will, is presumed to be used
in its technical sense.* Where the word "heirs" is used in a will
there is a strong legal presumption that it was used in its techni-
cal sense, as denoting the whole of the indefinite line of inherit-
able succession.

4. SAME—*when rule in Shelley's case applies.* Where the tes-
tator by one clause in his will devises to his five named children
"the use, occupation, rents and profits" of all his real estate, and
by the next clause devises "to the heirs of" each of such named
children one-fifth of said real estate in fee, to be enjoyed after the
death of all his children, the children take the fee in the land and
are entitled to partition.

APPEAL from the Circuit Court of Mercer county; the
Hon. WILLIAM T. CHURCH, Judge, presiding.

D. A. HEBEL, for appellants.

COOKE, SULLIVAN & RICKS, and WALTER L. MANNON,
(HOMER D. DINES, of counsel,) for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the
court:

Oliver Meeker died testate seized in fee of certain lands
in Mercer county. By the fifth clause of his will, which
was duly probated, he devised to his five surviving children

"the use, occupation, rents and profits of all real estate owned by me at time of my decease," and by the sixth clause he devised "to the heirs of" each of his children (naming them) one-fifth of said real estate in fee, to be enjoyed by them after the death of all his children. The life tenants, claiming under the rule in *Shelley's case* to be the owners in fee of the real estate devised, filed their bill in partition and a decree was entered as prayed. This appeal followed.

When the ancestor by any conveyance takes an estate of freehold and in the same conveyance the estate is limited to his heirs in fee, "heirs" is a word describing the extent or quality of the estate conveyed and not a word designating the persons who are to take it. (*Peacock* v. *McCluskey,* 296 Ill. 87; *Bails* v. *Davis,* 241 id. 536; *Baker* v. *Scott,* 62 id. 86.) This is a rule of property firmly established in this State and must be applied by the court in determining the estate devised where the testator uses language bringing the devise within the rule. (*Winter* v. *Dibble,* 251 Ill. 200; *Carpenter* v. *VanOlinder,* 127 id. 42.) In determining whether the word "heirs" is used in its technical sense we dismiss from our minds all reference to the rule in *Shelley's case,* for it is strictly a rule of law and in no sense a rule of construction. In determining the intention of the testator words must be given their ordinary meaning. When the word "heirs" is used in a will there is a strong legal presumption that it is used in its technical sense, as denoting the whole of the indefinite line of inheritable succession. It is contended in this case that the word "heirs," as used in the sixth clause of the will, means "children," but we find nothing in the context of the will to indicate that the testator intended to use it in that sense. The word "heirs" is generally a word of limitation, and is not to be construed as a word of purchase unless there are other controlling words showing such intention by the person using it. The clear and unambiguous language used by the testator, under the well established principles of law, devises all

his real estate to his five children in fee, and the chancellor properly awarded partition.

The decree of the circuit court is affirmed.

*Decree affirmed.*