GEORGE E. CORSON *et al.* Appellees, *vs.* JOHN H. THORN-BURN, Appellant.

*Opinion filed October 28, 1926—Rehearing denied Dec. 10, 1926.*

1. WILLS—*general rule as to when the remainder is vested.* Whether a remainder is vested or contingent depends on the language employed, and if the conditional element is incorporated into the description of or into the gift to the remainderman then the remainder is contingent, but if, after words giving a vested interest, a clause is added divesting it, or where the enjoyment of the estate is postponed for the convenience of the estate and not for reasons personal to the devisees, the remainder is vested.

2. SAME—*when the children take a base or determinable fee.* Where a testatrix, after giving a life estate to her husband, gives the remainder "in fee simple" to her five children, naming them, but provides in a subsequent clause that if any child die before her death or that of the life tenant "the lawful heirs of such child" shall receive said child's portion, the five children take a base or determinable fee, which is vested.

3. SAME—*general rule as to when rule in Shelley's case applies.* To warrant application of the rule in *Shelley's case* there must be in the same conveyance a freehold in the ancestor and a remain-

der to the heirs; and the rule does not apply unless there is an expressed or implied life estate with limitation by way of remainder to the heirs, as a conveyance to A and his heirs, without more, creates a fee in A without application of the rule.

4. SAME—*the rule in Shelley's case does not apply to executory limitation.* Where the five children of a testatrix are given the remainder after a life estate, with a subsequent clause providing that in the event of the death of any child before that of the testatrix or the life tenant "the lawful heirs of such child" shall take such child's portion, the rule in *Shelley's case* cannot be applied to give the named children an estate in fee simple, as their interest is a base or determinable fee and not a life estate, and the devise over to the "lawful heirs" of any deceased child is an executory devise, conditional upon the death of such child before the death of the testatrix or the life tenant.

APPEAL from the Circuit Court of Champaign county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

GREEN & PALMER, (HENRY I. GREEN, GEORGE E. MARTIN, ORIS BARTH, and ENOS L. PHILLIPS, of counsel,) for appellant.

DOBBINS & DOBBINS, (CHARLES E. KELLER, and RAY F. DOBBINS, of counsel,) for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Alvena Corson died testate prior to October 16, 1924, leaving her surviving George E. Corson, her husband, and Albert J., George E., Harmon C., Florence W. and Wilhelmina J. Corson, her children. By her will she gave her husband a life estate in all her real and personal property and then provided:

"*Fourth*—At my said husband's death, it is my will that all the property both real and personal herein devised and bequeathed to him for life in item third of this my will, shall become the property in fee simple and the absolute property forever of my five children, viz., [naming them,] to be equally divided between them, share and share alike.

"*Fifth*—It is my will that in the event that any of my beloved children whose names are mentioned in item fourth of this my will, die before the said George E. Corson or before my death, the lawful heirs of such child or children shall receive such portion of my estate as said child would have received if living."

Included in the property devised was a farm of 214.17 acres, located in Champaign county. After the death of testatrix the five children executed a deed conveying their interest in the farm to their father, and thereupon he entered into an agreement October 16, 1924, to convey the farm "in fee simple, by good and sufficient warranty deed," to George P. Bliss, who later assigned the contract to John H. Thornburn. By the contract appellees agreed to furnish with the deed "proof of title in fee simple." Being advised that George E. Corson did not own the land in fee simple, appellant refused to make the payments and receive the deed. Thereupon appellees, George E. Corson and Nellie A. Corson, his wife, filed their bill in the circuit court of Champaign county asking a decree directing specific performance of the contract. An answer was filed, a hearing had and a decree entered in accordance with the prayer of the bill. This appeal followed.

The decree finds that under the will the five children of Alvena Corson became seized of a vested estate in remainder in fee simple in the farm in question, subject to the life estate of George E. Corson. Appellees seek to support the decree by arguing that the children of Alvena Corson take an estate in fee simple under the rule in *Shelley's case*. Appellant contends that the rule in *Shelley's case* has no application to the will in question, and that the will should be construed either (1) as giving to George E. Corson an estate for life with a contingent remainder in fee to such of the children of testatrix named in the fourth clause of the will as survive the life tenant, with alternate contingent remainders to the heirs of such of said children as die be-

fore the life tenant, or (2) as giving to Corson an estate for life with vested remainder in fee in the children named in the fourth clause, the interests of any of such children being subject to being divested on its death before the life tenant, in which contingency the fee is to shift to the heirs of such child by way of executory devise.

Whether a remainder is vested or contingent depends on the language employed. If the conditional element is incorporated into the description of or into the gift to the remainderman then the remainder is contingent; but if, after words giving a vested interest, a clause is added divesting it, the remainder is vested. (*Lachenmyer* v. *Gehlbach*, 266 Ill. 11; *Smith* v. *Chester*, 272 id. 428; Gray's Rule Against Perpetuities, sec. 108; Kales on Estates and Future Interests,—2d ed.—sec. 345.) Thus, in the case of a devise to A for life, remainder to his children, with provision that if any child die in the lifetime of A the share of such child shall go to those who survive, the share of each child is vested, subject to be divested by its death; but in the case of a devise to A for life, remainder to such of his children as survive him, the remainder is contingent. Under this rule it is clear that the estate created by the fourth clause of the will of testatrix is a vested remainder. The same conclusion is reached by applying another familiar rule, namely, where the enjoyment of the estate or the period of distribution is postponed for the convenience of the estate and not for reasons personal to the devisees the remainder is vested. *Northern Trust Co.* v. *Wheaton*, 249 Ill. 606; *Thomas* v. *Thomas*, 247 id. 543.

Does the rule in *Shelley's case* have any application to this will? The rule stated in that case was: "Where the ancestor takes an estate of freehold, and in the same gift or conveyance an estate is limited, either mediately or immediately, to his heirs, either in fee or in tail, 'heirs' is a word of limitation of the estate and not a word of purchase." The rule has been variously stated by different

judges and text writers, but the meaning of all the statements is the same. The rule assumes and founds itself upon two pre-existing circumstances,—a freehold in the ancestor and a remainder to the heirs. The absence of either of these ingredients repels the application of the rule; their concurrence irresistibly invites it. (1 Hayes on Conveyancing,—5th ed.—542; Kales on Estates and Future Interests,—2d ed.—sec. 413.) When it is said that the rule requires an estate of freehold in the ancestor, it appears that the statement needs some explanation. It must not be such a freehold as to leave nothing to the heirs by way of remainder. A limitation to A and his heirs creates in A a fee simple, and under the rule in *Shelley's case* a limitation to A for life, remainder to his heirs, creates a like estate. The difference between these two sets of limitations is, that in the first there is no expressed limitation of estate for life, while in the second there is. The rule does not apply unless there is an expressed or implied life estate with limitation by way of remainder to the heirs. (*Johnson v. Buck*, 220 Ill. 226.) The rule is not applicable to executory limitations, because the limitation to the ancestor and to the heir, if both were executory limitations, would not be parts of the same estate but would be distinct and independent dispositions of the subject. In his work on Remainders and Executory Devises, (4th Am. from 10th London ed. 401*a*,) Fearne says: "Limitations of subsequent interests which are not by way of remainder, such as conditional limitations, are not within the rule. The rule arose before such limitations were allowed, and when they were introduced by way of use and devise the rule was not held to apply to them, either directly or by analogy, because they were not within the reasons of the rule." Since the entire estate in remainder is given to the five children of testatrix by the fourth clause of her will no estate remains upon which the rule can operate. The word "heirs," used in the fifth

clause of the will, is a word designating the class of persons who are to take by way of executory devise in the event one of the remaindermen dies before the life tenant.

The estate held by the five children of testatrix is a base or determinable fee, therefore the deed offered to appellant does not convey to him an estate in fee simple.

The decree of the circuit court is reversed and the cause is remanded.

*Reversed and remanded.*