ARTHUR THOMAS, Appellee, *vs.* T. F. STOAKES *et al.*— (MILO HERBERT CRAWFORD *et al.* Appellants.)

*Opinion filed December 21, 1927.*

1. WILLS—*intention of testator should be given effect.* In construing a will the intention of the testator, as ascertained from the whole will and not from detached portions or expressions, should be given effect when not contrary to some rule of law or public policy.

2. SAME—*distinction between a vested and a contingent remainder.* A vested remainder is one which throughout its continuance gives to the remainderman or his heirs the right to the immediate possession whenever and however the preceding estate may determine, while a contingent remainder is an estate which is not ready to come into possession at any moment when the prior estate may end.

3. SAME—*when testator's children "or their heirs" take a vested remainder—partition.* Where a testator devises to his widow the use and control of all his real estate during her life and provides that after her death it shall become the property of his three children "or their heirs," giving a certain portion to each child by name, each child takes a vested remainder notwithstanding the use of the word "or," where there is no indication in the will of an intention to postpone possession of the remainder beyond the life estate of the widow; and hence a purchaser of a child's interest is entitled to partition without waiting for the life estate to end.

4. SAME—*when the word "or" may be construed to mean "and."* The word "or" may be construed to mean "and" when necessary to give effect to the intention of the testator, and where the intention is manifest that a remainder be regarded as vested, the wrong use of the word "or" will not defeat such intention.

5. SAME—*vested estates are favored.* The law favors the vesting of estates in remainder at the earliest period possible unless a contrary intention on the part of the testator is clearly manifested.

6. PARTITION—*vested remainder may be partitioned during existence of life estate.* A vested remainder may be sold on execution or partitioned during the existence of the life estate.

APPEAL from the Circuit Court of Lee county; the Hon. WILLIAM J. EMERSON, Judge, presiding.

FREE P. MORRIS, ROSCOE C. SOUTH, and HENRY C. WARNER, for appellants.

GEORGE C. DIXON, (JOHN E. ERWIN, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This suit was instituted by appellee, Arthur Thomas, filing a bill for the partition of a tract of land described, and involves the construction of a will. George M. Crawford died testate in March, 1909, leaving a widow and three children, all adults. He left an estate consisting of real and personal property. By the will, after the payment of debts and burial expenses, he bequeathed to his widow, Maria Jane Crawford, in lieu of dower, all the household goods and personal property to the value of $1000. The will provided that if there was any overplus in the value of the personal property it should be divided equally "between our three children, named hereinafter, or their heirs, at her discretion." The testator devised to his widow the use and control of the real estate during her natural life. After her death, the payment of all debts and the erection of a suitable monument or tombstone, the land and the personal property remaining "shall become the property of our three children, or their heirs, as follows: To our oldest son, Milo Herbert Crawford," 80 acres of land described. Then the father devised to Norval M. Crawford, a son, 80 acres, and to a daughter, Clara Emma Hicks, 120 acres. Then follows a devise of a timber tract to be equally divided among the three children. The will then recites the testator has helped his three children by loaning them money without taking notes, and that he regards the provisions of the will as an equal division of property among them. The will futher provides that after the death of the widow the household goods and personal property that remain should be equally divided among "our three children, our legal

heirs." The widow was appointed executrix and qualified
as such. A creditor of Milo Herbert Crawford obtained a
judgment against him, levied an execution upon his inter-
est in the 80 acres of land devised by the will, and it was
sold at sheriff's sale to satisfy the judgment. There was
no redemption, and the sheriff executed and delivered to
the purchaser a deed in October, 1911. The purchaser con-
veyed the land to T. F. Stoakes in December, 1916, and
Stoakes conveyed an undivided one-half interest therein to
appellee, Arthur Thomas, who filed the bill for partition.

The important question for decision is the nature of the
estate devised to Milo Herbert Crawford—that is, whether
it was a vested or contingent interest.

The bill alleges that by the will of George M. Crawford
his son Milo was devised a vested remainder in the land
subject to a life estate devised to the widow. A demurrer,
general and special, was interposed to the bill by Milo, which
was overruled. Milo filed his separate answer, denying ap-
pellee had any interest in the premises. The answer, in
.substance, averred that the remainder in fee was contingent
and could not be determined until the death of the widow;
that the devise of the fee was in the alternative, and until
her death it cannot be known whether Milo takes a fee or
whether his children take it as tenants in common; that
it was the intention of the testator, as expressed in the
will, to devise the premises to his widow during her life-
time, and that no division of the fee should be made be-
fore her death; that the widow was authorized to dispose
of the real estate to provide for her support and mainte-
nance, and it cannot be definitely determined until her death
whether any of the property described would remain for
distribution to the remaindermen. The five children of
Milo, who are all adults, answered, raising substantially
the same questions. They claimed a contingent remainder,
which cannot be determined until the death of the widow.
The court found and decreed that when the execution was

levied upon the land Milo was the owner of a vested remainder subject to the life estate devised to the widow, and that by virtue of the sale and conveyances of said land Arthur Thomas is the owner of an undivided one-half interest subject to the widow's life estate and Stoakes is the owner of the other undivided one-half, and that no other persons have any interest therein. From that decree Milo H. Crawford and his five children prosecuted this appeal.

Appellants contend that the devise of the remainder after the life estate of the widow was an alternative devise and substitutes the heirs of Milo as remaindermen if he should die before the termination of the life estate. Appellee's contention is that it was the intention of the testator, as disclosed by his will, to devise to Milo the fee in remainder and that it vested in Milo upon the death of the testator but the enjoyment of the possession was postponed until the termination of the preceding life estate. A cardinal rule for the construction of wills which is well understood is, that the intention of the testator must be given effect when not contrary to some rule of law or to public policy. The intention is to be determined from the whole will and not from detached portions or expressions. The court construed the will in accordance with the contention of appellee.

Recapitulating the substance of the will, the testator first devised to his widow, after the payment of debts and expenses, all of the household goods and personal property of the value of $1000, and provided that if there was any overplus in the personal property it should be divided equally among his three children or their heirs, at the widow's discretion. After the payment of debts and the erection of a suitable monument or tombstone, "the land and personal property that are left shall become the property of our three children, or their heirs, as follows:" Then follows the devise of the 80 acres of land "to our oldest

son, Milo Herbert Crawford," describing the land. And in the same manner are the devises to the testator's other son and daughter. The words "or their heirs" are found in the devises to the three children preceding the description of land in the separate devises to them. Then immediately following the devises to the three children separately, the will provides that a timber tract in the east half of section 24 "shall be equally divided between these three children." Following this, the will explains that the testator had helped all of his children by loaning them money without taking notes, and states that he regards the provisions made for them in the will as an equal division of the property, considering their present obligations. After the death of the wife the household goods and personal property that remained were directed to be equally divided among the testator's three children.

If the devise to the son Milo after the termination of the life estate had been to him "and" his heirs instead of to him "or" his heirs, we think there would be no question that Milo took a vested remainder in fee. The distinction between a vested and contingent remainder has been so often defined by this and other courts that we can add nothing illuminating by entering upon a discussion of that subject. In *Brown* v. *Brown,* 247 Ill. 528, and *Lachenmyer* v. *Gehlbach,* 266 id. 11, it was said that a vested remainder is one which throughout its continuance gives to the remainderman or his heirs the right to the immediate possession whenever and however the preceding estate may determine. In *Carter* v. *Carter,* 234 Ill. 507, it was said a contingent remainder "is an estate which is not ready to come into possession at any moment when the prior estate may end. On the other hand, if the estate is at any time ready to come into possession provided the prior estate should end, then it is a vested estate."

We are convinced that it was the intention of the testator to give a vested remainder to his children. It is

quite apparent from reading the will that it was his purpose to give his son Milo a vested estate in fee, subject to the life estate of the widow. Enjoyment of possession was postponed so the widow might enjoy her estate for life. There is no indication that enjoyment of possession was postponed for a reason personal to the devisee, but the postponement was for the convenience of the estate and to allow the widow the enjoyment of it for life. (*Thomas* v. *Thomas,* 247 Ill. 543; *Pearson* v. *Hanson,* 230 id. 610.) We find in the will no indication that the testator intended to provide for the distribution of the remainder of his estate, real or personal, to anyone other than his three children. There was no alternative devise or contingent remainder as to the timber lot, which is directed to be equally divided among the testator's three children; and the same is true of the bequest of the household goods and personal property that remained after the death of the wife. The explanation made in the will of the division of the testator's property among his children, being, he believed, equal considering their obligations, we think shows he was only intending to give his property to his children after the termination of the life estate. The proper rule for construction is tersely stated in *Mosier* v. *Bowser,* 226 Ill. 46, where it was said, in gathering the intention of the testator from the whole will: "When that intention is ascertained it must govern, and any particular word or provision which seems to be inconsistent with such intention is to be rejected, especially in view of the fact that the will was written by the testator, who was not learned in the law and may have used words incorrectly through mistake or ignorance." In *Speer* v. *Josenhans,* 274 Ill. 237, the court construed the *habendum* clause to a devise to Frances Speer "or her heirs." The court said the will was drawn by a school teacher with the aid of a typewriter and a general encyclopedia of information; that the general words of the *habendum* were appropriate to a devise in fee, and it

was fair to assume that the word "or" was improperly used. It is apparent the will in this case was drafted by someone who was not familiar with the correct use of language, and especially of legal terms. In *Poehlman* v. *Leinweber,* 288 Ill. 58, it was said courts will construe "and" as "or," and the converse, when necessary to give effect to the intention of the testator. In *Moore* v. *Lyons,* 25 Wend. 119, the court said that a remainder should not be considered contingent when such may be construed as vested, consistently with the intention of the testator. The wrong use of the word "or" will not be allowed to defeat the intention of the testator. (*Smith* v. *Dellitt,* 249 Ill. 113; *Olcott* v. *Tope,* 213 id. 124.) It has been decided that when a devise is made to a person "or his heirs," which is preceded by a life estate, it creates a vested remainder. (*White* v. *Crawford,* 10 Mass. 183.) The law favors the vesting of estates in remainder at the earliest period possible unless a contrary intention on the part of the testator is clearly manifested. *Scofield* v. *Olcott,* 120 Ill. 362; *Ducker* v. *Burnham,* 146 id. 9; *Armstrong* v. *Barber,* 239 id. 389; *Drake* v. *Steele,* 242 id. 301; *McArthur* v. *Scott,* 113 U. S. 340.

The will conferred no power upon the widow to dispose of the property of the estate for her own benefit and places no obstacle to the partition before termination of the life estate. The decree finds the estate has been settled and the executrix discharged, and the personal property, except that bequeathed the widow, has been divided among the three children of the testator. The final report of the executrix showed she paid each of the three children $1804.23, which they accepted and signed a statement to the probate court that they had examined the report, that they waived notice of hearing thereon, and being of legal age requested the court to approve the same. The provision in the will about the erection of a suitable monument or tombstone was not made a charge against the land. The final report of the

executrix shows a credit of $375 paid on a monument out of the estate's funds.

Finally, it is contended by appellants that land subject to a life estate cannot be partitioned. A vested remainder may be sold on execution or partitioned during the existence of the life estate. *Scoville* v. *Hilliard,* 48 Ill. 453; *Drake* v. *Merkle,* 153 id. 318; *Miller* v. *Lanning,* 211 id. 620; *Deadman* v. *Yantis,* 230 id. 243.

The decree is supported by the law, and it is affirmed.

*Decree affirmed.*