WILKINS, *Ap't*, v. ORDWAY & a.

The word "heirs," in its technical common-law signification, does not necessarily embrace all who would share in the personal estate under the statute of distributions; and a bequest to the heirs of a deceased wife does not include her surviving husband, unless it appears from other parts of the will that such was the intention of the testator.

PROBATE APPEAL. Facts agreed. J. G. by his last will gave to his wife the use and income of his homestead farm during her life, and after her decease the use and income of the same to his son John, and after his decease he gave the same to his daughter, Anna G. Wilkins, and her heirs forever. By his will he instructed the defendants to sell all his real estate excepting said homestead farm. He also gave to his son John one half of his estate subject to certain provisions; and in case said John died before he came into possession and control of his share of said estate, he directed that the income of the said share, which would otherwise have gone to said John, shall go to and he devised and bequeathed the same to his said daughter, Anna G. Wilkins, and directed that she should have the sole and exclusive charge and control of the principal, that is to say, the whole of the said one undivided half of his said then remaining estate, the share of his son John as aforesaid, discharged of the uses and trusts of the said defendants, but to be held by her in trust for, and distributed and divided according to her discretion to and among her own children, but in no case until the child or children receiving any portion thereof shall have arrived at the age of twenty-one years.

He also directed that the said defendants as trustees as aforesaid, should, within one year from the date of his decease, pay to his said daughter, Anna G. Wilkins, the sum of $400, and that they should make annual payments to her of the same amount during ten successive years or fifteen successive years after his decease, according to the discretion of said defendants as trustees as aforesaid, or so long as she lived, not exceeding the time provided as aforesaid for the continuance of said annuity, and at her decease before the expiration of said time, he directed that the one undivided half of all his estate then remaining should go to, and he devised and bequeathed the same to, the heirs of the said Anna G. Wilkins forever.

At the time of making said will, the said Anna was married to Francis G. Wilkins. She died before the expiration of said ten years, leaving the said Francis G. Wilkins, her husband, living, and two children. J. G.'s estate consisted of the homestead farm valued at $2,500, a piece of real estate called the Haines place, valued at $700, and of personal property appraised $70,436.11.

The question submitted is, what are the rights of the husband, and whether he is interested under the terms of said will giving one half of the estate to the heirs of his wife, Anna G. Wilkins.

*Frink*, for the appellant.

The testator left real estate of the value of $3,200, and personal property of the value of $70,436.11. By his will he specially devised his homestead farm, and directed the sale of all his other real estate, and its consequent reduction to personalty. He directed that one undivided half of his estate, after the decease of his daughter, Anna G. Wilkins, should go to the heirs of said Anna. She left a husband, Francis G. Wilkins, and two children. The question is, whether her husband takes as one of her heirs.

I. The estate to pass under this clause of the will is entirely personalty, if the executors have sold the real estate as directed. If not, the appraised value of the real estate was only $700, and is entirely distinguishable from the realty;—so that the question, in effect, is, Does the husband participate in the distribution of personal property under the term "heirs"? In our state, the husband succeeds to the estate of his wife in the same right and quantity as the wife would succeed to his estate if deceased. The husband, then, is one of the distributees with the children. In a gift of personal property, the term "heirs" should be held primarily to refer to those who would be entitled to take under the statute of distribution. *Sweet* v. *Dutton*, 109 Mass. 591; *Wigfield* v. *Wigfield*, 39 L. T. (N. S.) 227; *In re Steevens' Trusts*, L. R., 15 Eq. 110; *McKinney* v. *Stewart*, 5 Kan. 384; *Peacock* v. *Albin*, 39 Ind. 25; *Henderson* v. *Henderson*, 1 Jones 221. The true construction of the term "heirs," to be gathered from these cases, must include

the statutory next of kin (including the husband) as to the personal estate, and the heirs at law, as to the real estate.

II. The testator made a distinction between his real and personal estate in his will. This question arises in regard to the fund given in trust. That was entirely personalty. The testator's homestead was not encumbered by any trust, and his remaining real estate of the small value of $700 was to be sold by his executors before it passed into the hands of trustees.

III. We submit that the context of the will shows that it was the intention of the testator to include the husband as a beneficiary under this clause. If the term "heirs" does not receive the construction we ask for it, then it must be limited to the children of Anna G. Wilkins. The testator evidently had this distinction in mind; for the other half of the estate, in certain contingencies, was to go to her children, while this half was to go to her heirs. The fact that he uses the term children in other parts of his will, shows that he intended the word "heirs" should be more comprehensive, and include all who would by the statute of distributions succeed to her estate.

*A. P. Carpenter*, for executors, appellees.

The single question is, whether the husband is "heir" to the wife; whether the husband, upon the decease of the wife, takes under a devise to her for life and remainder to her heirs.

I. The question, upon reason and principal, ought not to be considered doubtful. That the husband has the same rights in the estate of his deceased wife that the wife would have in his, is provided by statute. G. L., *c.* 202, *ss.* 15, 16. Assume, however, that under the term "heirs" a widow or husband would take personal property, yet in this case there was a devise of both real and personal. The intention of the testator was plainly the same as to both, and if, in legal intendment, Wilkins cannot take an interest in the real estate under the term "heirs," he cannot take the personal. An "heir" is one who succeeds to property by right of blood. No one can be "heir" to another with whom he is not connected in blood. Husband and wife are not even of kin to each other. Neither could take under a devise to the "next of kin." G. L., *c.* 195, *s.* 2; *Munsey* v. *Webster*, 24 N. H. 126; *Weeks* v. *Jewett*, 45 N. H. 541, 542; Bouv. Law Dict., titles Heir and Kindred; 2 Kent Com. (4th ed.) 422; 4 Kent Com. (4th ed.) 536, *note;* 2 Jarm. Wills 49, *note;* 2 Bl. Com. 201–207, 247–257, 504–515; 2 Wms. Exrs. 1004; *Dickens* v. *Railroad*, 23 N. Y. 158. A widow no more takes her distributive share under the statute, as heir to her husband, than she takes her dower at common law. It belongs to her of right. She does not inherit it, and cannot, therefore, be disinherited. The plain distinction between her rights and those of an heir at law is maintained in all our statutes

relating to estates of persons deceased. G. L., *c.* 203, especially *ss.* 1 and 6 ; G. L., *c.* 195, especially *s.* 2.

An " heir" is bound by his ancestor's covenants : will it be pretended that the wife is bound by the husband's covenants, or the husband by the wife's? Suppose, for example, that A conveys, with warranty to B, lands which he does not own, and dies leaving a large property of which his widow takes, under the statute, one third, and his son, and only heir at law, the rest. Now if the son acquires title to said lands it passes at once, by estoppel, to B. *Cole* v. *Raymond,* 9 Gray 217, and many authorities *passim.* But suppose the widow buys the lands : will it be claimed that in that case the title passes to B ?

The following are authorities in favor of our general position, and are decisive of the question. *Clarke* v. *Cordis,* 4 Allen 466 ; *Lombard* v. *Boyden,* 5 Allen 249 ; *Loring* v. *Thorndike,* 5 Allen 257 ; *Esty* v. *Clark,* 101 Mass. 36 ; *Drake* v. *Pell,* 3 Edw. Ch. 252. In the first three cases it was held that the word " heirs " is to be construed according to its common-law interpretation, and does not include those entitled to a share of the estate under the statute of distributions. In *Esty* v. *Clark* it was held that the wife is not a relation of the husband. (See the cases there cited.) In *Drake* v. *Pell* a devise was to nine children of the testator, not to vest until the youngest became twenty-one years of age. The will provided that if any child died before that time " the share of the child so dying shall go to the heirs, devisees, or legal representatives of the child so dying." Two of them died, one leaving a wife and children, and the other a husband and children. The court held that the children alone took in each case ; that neither husband nor wife was entitled to anything. See, also, *Prescott* v. *Carr,* 29 N. H. 453 ; *Wright* v. *Trustees,* Hoff. Ch. 211–213 ; *Murdock* v. *Ward,* 67 N. Y. 387 ; *Luce* v. *Dunham,* 69 N. Y. 36.

II. A well settled construction of particular words and phrases will be adhered to, unless the testator plainly gave to them a different meaning. *Hall* v. *Chaffee,* 14 N. H. 218 ; *Hawley* v. *Northampton,* 8 Mass. 38. A testator is presumed to use technical words in their strict and technical sense, unless there is something in the context indicating that he has used them in a different sense. 2 Jarm. Wills 1 ; *Campbell* v. *Rawdon,* 18 N. Y. 417 ; *Harvey* v. *Olmstead,* 1 N. Y. 489 ; *Mowatt* v. *Carow,* 7 Paige Ch. 339 ; *Cushman* v. *Horton,* 59 N. Y. 149 ; *Murdock* v. *Ward,* 67 N. Y. 387.

CLARK, J. If husband and wife were of kin or heirs of each other, the relationship would extend to the children of either by a former marriage, and a decree of divorce would dissolve it. The common-law doctrine of dower and curtesy originated in the fact that husband and wife are not heirs of each other. Ordinarily, technical terms are to be understood according to their legal signification, unless some evidence appears of an intention to use

them in a different sense. The phrase "next of kin," as applied to relatives by blood, having a technical legal signification under the statute of distributions when used without qualification, is held to mean next of kin according to the statute. *Pinkham* v. *Blair*, 57 N. H. 226. But husband and wife are nowhere included with " heirs " or " next of kin " in the statutes. These terms, in their proper and legal signification and acceptation, have reference to relationship by blood; and in *Richardson* v. *Martin*, 55 N. H. 45, it was held that the widow of a devisee cannot take as heir of her husband, under a clause giving certain bequests to him and his heirs, unless it is apparent from the will that the word "heirs" is not used in its ordinary sense. Upon the authority of that case the appellant is not entitled to a share in the estate under the provisions of the will giving one half of the estate to the heirs of his wife.

But as the interpretation of a will is the ascertainment of the testator's intention *(Brown* v. *Bartlett*, 58 N. H. 511), very little competent evidence may be sufficient to show that the testator used the word heirs in a broader sense than its legal meaning, intending to include the husband of a deceased wife, or the widow of a deceased husband; and when such intention is shown by competent evidence, it is his will, however inartificially expressed; but ordinarily, in the absence of evidence showing a different intention, the word "heirs" will be understood as used in its legal sense.

In this case the will appears to be carefully and accurately drawn, and there is no evidence that the testator intended to use the word "heirs" in any other than its ordinary and legal signification. The appellant was the husband of the testator's daughter when the will was made. There is nothing in its provisions indicating a purpose to make him a beneficiary; and the fact that he is nowhere named in the will is a circumstance tending rather to the conclusion that the testator did not intend he should share in the estate. The fact that the testator uses the word "heirs" in the clause of the will under consideration, and the word "children" in reference to the other half of the estate, seems to indicate the testator's accuracy in the use of language, rather than a purpose to enlarge the ordinary meaning of the word "heirs," as claimed in the argument. He properly designates the children of his daughter as the beneficiaries in both cases, by describing them as her children in her lifetime, and as her heirs after her decease. We discover nothing indicating that the testator used the word "heirs" in the sense of distributees, or that he intended the appellant should take anything under the will. 2 Jar. Wills 61; *Keteltas* v. *Keteltas*, 72 N. Y. 312; *Luce* v. *Dunham*, 69 N. Y. 36; *Cleaver* v. *Cleaver*, 39 Wis. 96; *Esty* v. *Clark*, 101 Mass. 36; *Lord* v. *Bourne*, 63 Me. 368.

*Appeal dismissed.*

FOSTER, J., did not sit: the others concurred.