Cheshire,
Feb. 2, 1932.

HORACE B. GALE, *Trustee, v.* ELEANOR E. GALE & *a.*

 

*Horace B. Gale, pro se.*

*Roy M. Pickard,* for Eleanor E. Gale.

*Philip H. Faulkner* and *Ernest T. Bell, Jr.,* for Mary B. and Katherine A. Bigelow.

PEASLEE, C. J. The legal intent of the testatrix as expressed in the language in the will, is to be carried out. Otherwise expressed, it is her will. *Edgerly* v. *Barker,* 66 N. H. 434. Being in apparent doubt as to how far the law permits the limitation of estates, she did not undertake to express that feature of her act in concrete terms. Instead thereof she provided that the trust she created was to continue for the benefit of her descendants "as long as the same can be legally done."

In *Edgerly* v. *Barker, supra,* where the testator had placed limitations on the trust estate slightly in excess of those permitted by law, and it appeared that there was a primary intent that the devise take effect even though the precise limitation stated could not, it was held that there was a good limitation of so much of restriction as the law permits. This doctrine was approved in *Wentworth* v. *Wentworth,* 77 N. H. 400, and *Flanders* v. *Parker,* 80 N. H. 566. The *Barker* case is decisive of the present controversy. In the former case the intent to fix the limitation allowed by law was implied. There is no such issue here for that intent is expressed. As it could be given effect there, when found by implication, it is evident that it is effective here, when stated in terms.

The law permitted her to limit the estate for lives in being at the time the estate was created, that is, at her death. *McAllister* v. *Elliot,* 83 N. H. 225. Whether such limitation could be upon all the lives then in being, whether it should be restricted to those whose duration could be reasonably ascertained, or whether it could be limited at all by lives of those not interested in the estate, are questions upon which there is difference of opinion and which are not settled in this jurisdiction. *Edgerly* v. *Barker, supra; Rolfe &c. Asylum* v. *Lefebre,* 69 N. H. 238.

It is not necessary to consider them here. The provisions for the devolution of the property at the death of one and another of the testatrix's descendants demonstrates that she had no other lives in mind as the measure of what she gave If she could have made any such widely measured limitation she did not intend to do so.

Adding to the words of her will the rule of law which she made a part thereof by express reference, the trust is to continue during the lives of her descendants who were living at her decease, and the life of the last survivor of them.

It is argued that the line of reasoning followed in the *Barker* case is unsound; and that the criticism of it by eminent authority, (Gray, Perpetuities, *s*. 884; 9 Harv. Law Rev. 242) expresses the correct theory. The criticism is based in part upon the assertion that the true doctrine is that the will is to be read and construed without reference to the rule against perpetuities, and after it has been so interpreted is to be measured by the rule. Another criticism of more substantial character is that by fixing the period of vesting at twenty-one years instead of forty there was a change of the class to whom the property would go. There is no occasion to undertake a revision of the conclusions reached in that case. If it were conceded that the views of Professor Gray are sound and ought to be adopted here despite the contrary conclusion in the *Barker* case, it would not affect the result of this controversy. This testatrix made the rule against perpetuities a part of her will. By no process of reasoning can any intent of hers to violate that rule be found. In the *Barker* case such an intent was expressed, in the form of a limitation violative of the rule, and the criticism of the decision has been directed against the manner in which that expression of intent was dealt with. The foundation for the argument against the *Barker* decision is wholly lacking here.

To prevent misapprehension, it may be added that the feature of the *Barker* case relied upon earlier in this opinion does not appear to have been the subject of adverse comment. Granting that the testator expressed a purpose to impose only the limitations the law allows, no one has suggested that such expressed intent should not be carried out. The criticism has been that the court used the rule which was not referred to in the *Barker* will to modify what the testator said in his will in transgression of the rule.

The first question transferred is answered in the negative. The trust continues as long as either grandchild lives.

The allegation of the trustee that it would be for the best interests of the property that the trust be terminated is immaterial. It is not

his judgment, nor the fact that his judgment is proved to be correct, that controls. The testatrix directed otherwise. While details of administration have been changed upon proof of practical necessity (*Barker* v. *Barker*, 73 N. H. 353), no authority has been found for the proposition advanced by the trustee. The substance of the trust cannot be changed.

The other questions transferred relate to rights and the state of the title at a future time. The trustee has no occasion to be advised at present as to what his duties will be at and after the death of the last surviving granddaughter of the testatrix. If all the facts necessary to a disposition of that question were now known, it might well be argued that final instructions, covering the whole duration of the trust, should be given. It is of course evident that in no event can the trust continue more than twenty-one years and a fraction beyond such death. Whether it can continue for that period may depend upon whether there are minors who will then be the present beneficiaries. If there are not, the question will arise whether this extension of the limitation is restricted by law to provisions for the protection of minors, or whether it may be made "in gross," that is, without regard to the age of the beneficiaries. The authorities are not decisive of this issue, and it is an open question in this state. *Edgerly* v. *Barker*, 66 N. H. 434, 461.

Future events may show that advice upon this question would be superfluous. It is the practice to decline to presently deal with a supposititious situation. *Nashua Trust Company* v. *Burke*, 84 N. H. 490, and cases cited.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.