Hillsborough,
No. 4469.

ARTHUR J. GRANT, *Adm'r v.* GEORGE F. NELSON, *Assignee & a.*

Argued May 1, 1956.
Decided May 31, 1956.

*McLane, Carleton, Graf, Greene & Brown* for the administrator, furnished no brief.

*J. Albert Lynch* and *George F. Nelson, pro se,* for the defendant assignee.

*McLane, Carleton, Graf, Greene & Brown* and *Robert A. Raulerson (Mr. Raulerson* orally), for the defendant Arthur J. Grant.

DUNCAN, J. The issue which is decisive of the rights of the parties is whether clause "THIRD" of the will of Charles H. Grant created a life estate in his widow with remainder to his son, or whether the widow took a fee and the provisions in favor of the son were merely precatory and ineffective to transfer any title to him. By settled rule of this jurisdiction the issue is to be determined in accordance with the intent of the testator ascertained upon the competent evidence including the will itself. Standing by itself the bequest to the widow would be sufficient to pass the fee. *Brown v. Eastman,* 72 N. H. 356, 358. The specific bequests which preceded the residuary clause were couched in similar language, and were plainly intended to create absolute gifts. It is reasonably plain that by clause "THIRD" the testator intended to dispose of his entire interest in the residue.

However the meaning of the will "is to be collected, not from isolated passages, but from the whole instrument." *Doe,* C. J., in *Sanborn v. Sanborn,* 62 N. H. 631, 643. The clause disposing of the residue must be considered in its entirety. Its concluding provision discloses a clear purpose to benefit the testator's son. Its phraseology, "At her death the balance remaining to go to my son" is not precatory in nature. Unlike the language before the court in *Brown v. Eastman, supra,* it does not suggest that the testator expected his son to receive "the balance remaining" only if his widow should so provide by her will. Compare also, *Holmes v. Mackie,* 86 N. H. 287, 291, 293. Rather it was a positive and dispositional direction for the balance remaining "to go to" the son. Such language was sufficient to create a remainder in the son (6 American Law of Property, *s.* 26.59, *p.* 501; see *Gahan v. Golden,* 330 Ill. 624), and

as used in this will showed an intention to do so. See *Langley* v. *Tilton*, 67 N. H. 88; *Boulton* v. *Clough*, 96 N. H. 404.

It follows that the gift to the widow was qualified by the concluding provisions of the clause in favor of the son, and that her estate was intended to be a life estate. 1 Tiffany, Real Property (3rd *ed.*) *s.* 52; *Dennett* v. *Dennett*, 40 N. H. 498, 501. The will likewise disclosed an intention that she should have the power to dispose of the estate without restriction during her lifetime. See *Belford* v. *Olson*, 94 N. H. 278. This is implied in the language of the gift over, which was a gift only of the "balance remaining" at her death. 3 Page on Wills 354; anno. 17 A. L. R. (2d) 7, 26, 162.

By this interpretation effect is given to the entire clause of the will, and the legatees named each stand to benefit as the testator must have intended. The title of Arthur J. Grant to the savings accounts was derived under the will of his father, and not that of his mother. *McPhee* v. *Colburn*, 98 N. H. 406, 411.

The remaining issue is whether the defendant assignee acquired the rights of Arthur J. Grant in the savings accounts in question. We are of the opinion that he did. The assignment of all of the assignor's property was adequate to convey any vested interest which he then owned. Although the assignment was given prior to the death of the life tenant, and the assignor's interest acquired by the will of Charles H. Grant was subject to defeasance by exercise of the power of disposal conferred upon the life tenant, that interest was nevertheless a vested remainder (*Chisholm* v. *Bradley*, 99 N. H. 12, 14) and clearly assignable. *Kennard* v. *Kennard*, 81 N. H. 509; *Upton* v. *White*, 92 N. H. 221, 226. See also, *Merchants Nat. Bank* v. *Curtis*, 98 N. H. 225, 233; *United States* v. *575.52 Acres of Land*, 118 F. Supp. 923, 926. If the value of the interest was then uncertain or difficult of ascertainment, its assignment was not precluded for that reason. *Peterborough Bank* v. *Hartshorn*, 67 N. H. 156. See *Clarke* v. *Fay*, 205 Mass. 228, 235, 236.

*Judgment for the defendant assignee.*

All concurred.